Veronica Arechederra Hall, Bar No. 5855
veronica.hall@jacksonlewis.com
Steven C. Anderson, Bar No. 11901
steven.anderson@jacksonlewis.com
**JACKSON LEWIS P.C.**
3800 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KINZER, an individual, | Case No. |
| Plaintiff, | |
| v. | **NOTICE OF REMOVAL** |
| ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO. a Nevada corporation, | |
| Defendants. | |

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441(a), and 1446, Defendants Allegiant Air, LLC and Allegiant Travel Co.[1] ("Defendants") remove the action captioned as *Jason Kinzer v. Allegiant Air, LLC et al.*, Case No. A-15-727524-C, which was filed in the Eighth Judicial District Court in Clark County, Nevada, to the United States District Court for the District of Nevada. Defendants support the removal as follows:

1.      On November 10, 2015, Plaintiff Jason Kinzer ("Plaintiff") commenced an action against Defendants in the Eighth Judicial District Court for Clark County, Nevada. Copies of the Summons and Complaint are attached as **Exhibit 1**.

---

[1]      Allegiant Travel Co. was not Plaintiff's employer and avers that it is not a proper party to this action.

2.      Defendants remove this action to the United States District Court for the District of Nevada pursuant to 28 U.S.C. §§ 1331 and 1441(a).  This action is a civil action over which the Court has original jurisdiction under 28 U.S.C. §§ 1331 and is one which may be removed to the Court pursuant to the provisions of 28 U.S.C. § 1441.

3.      Plaintiff's Complaint presents substantial questions of federal law, thereby invoking the Court's original jurisdiction over actions presenting federal questions.  Specifically, The Complaint contains claims that arise under the laws of the United States.  Plaintiff, for example, alleges claims based on purported violations of the Federal Aviation Act (49 U.S.C. § 447), its implementing regulations (Title 14 of the Code of Federal Regulations), the FAA as amended in the Airline Deregulation Act (49 U.S.C. § 41713), and the Wendell H. Ford Aviation Investment Act of the 21st Century (49 U.S.C. § 42121(a)).

4.      Further, the Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Defendants are citizens of Nevada, Plaintiff is a citizen of Florida, and the amount in controversy exceeds $75,000.00.[2]  *See* 28 U.S.C. § 1332.

5.      To the extent Plaintiff has stated other claims arising under state law, such claims are properly before the Court based on the Court's supplemental jurisdiction.  28 U.S.C. §§ 1367 and 1441(a).

6.      Venue in the United States District Court for the District of Nevada is proper under 28 U.S.C. §§ 1391 and 1441(a).

7.      This Notice of Removal has been filed within thirty days of Defendants' receipt of the Summons and Complaint, and is therefore timely under 28 U.S.C. § 1446(b).

---

[2]      Prior to serving the Summons and Complaint on Defendants, Plaintiff demanded $3,000,000.00 to resolve this dispute.  *See* Declaration of Laura Overton, attached as **Exhibit 2**.  In addition, Plaintiff received a salary of $120,000.00 per year at the time of his termination.  *Id.* ¶ 3.  Further, in his Complaint, Plaintiff seeks damages for "loss of income, humiliation, embarrassment, loss of reputation as a pilot, loss of his ability to find similar employment as a pilot or employee in the aviation industry, and probably in other fields of employment as well."  **Exhibit 1**, Complaint ¶ 33.  Under such circumstances, the damages threshold for diversity jurisdiction is easily satisfied.

1      8.      As required by 28 U.S.C. § 1446(d), Defendants will give notice of this removal to

2  Plaintiff's counsel.

3      9.      As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal will also be

4  filed with Nevada's Eighth Judicial District Court for Clark County.

5          Dated this 7th day of December, 2015.

6                                                      JACKSON LEWIS P.C.

7

8                                                      _____/s/ Steven C. Anderson_____
                                                       Veronica Arechederra Hall, Bar No. 5855
9                                                      Steven C. Anderson, Bar No. 11901
                                                       3800 Howard Hughes Parkway, Suite 600
10                                                     Las Vegas, Nevada 89169

11                                                     *Attorneys for Defendants*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 7th day of October, 2015, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of the above foregoing **NOTICE OF REMOVAL** properly addressed to the following:

Michael A. Urban
Sean W. McDonald
THE URBAN LAW FIRM
4270 S. Decatur Blvd., Ste. A-9
Las Vegas, Nevada 89103

*Attorneys for Plaintiff*

_____
/s/ Emily Santiago
Employee of Jackson Lewis P.C.

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT 1

# EXHIBIT 1

SUMM
MICHAEL J. PANGIA, ESQ.
D.C. Bar No. 967182
(*Pro hac vice* admission pending under SCR 42)
**THE PANGIA LAW GROUP**
1717 N St NW, Suite 300
Washington, D.C.  20036
T: (202) 955-6153
F: (202) 393-1725
mpangia@pangialaw.com

**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada Bar No. 3875
SEAN W. McDONALD, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com
*Counsel for Plaintiff*

## DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JASON KINZER, an individual; | Case No.:  A-15-727524-C |
| Plaintiff, | |
| vs. | Dept. No.:  XV |
| ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO. a Nevada corporation, | |
| Defendants. | |

## SUMMONS—CIVIL

**NOTICE!   YOU HAVE BEEN SUED.   THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.  READ THE INFORMATION BELOW.**

**TO THE DEFENDANTS(S):** A civil Complaint has been filed by the Plaintiff against you for relief set forth in the Complaint.

       1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on you, exclusive of the day of service, you must do the following:

1

a.    File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

b.    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

CLERK OF THE COURT

By: _____
WALTER ABREGO-BONILLA
Deputy Clerk
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

NOV 13 2015

DISTRICT
COURT
SEAL

Submitted by:

THE URBAN LAW FIRM

_____
Michael A. Urban, Nevada State Bar No. 3875
Sean W. McDonald, Nevada State Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, NV 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com

2

Electronically Filed
11/13/2015 02:48:42 PM

*Clerk of the Court signature*

**CLERK OF THE COURT**

1    DMJT
     MICHAEL J. PANGIA, ESQ.
     D.C. Bar No. 967182
2    (*Pro hac vice* admission pending under SCR 42)
     **THE PANGIA LAW GROUP**
3    1717 N St NW, Suite 300
     Washington, D.C.  20036
4    T: (202) 955-6153
     F: (202) 393-1725
5    mpangia@pangialaw.com

6    **THE URBAN LAW FIRM**
     MICHAEL A. URBAN, Nevada Bar No. 3875
7    SEAN W. McDONALD, Nevada Bar No. 12817
     4270 S. Decatur Blvd., Suite A-9
8    Las Vegas, Nevada 89103
     T: (702) 968-8087
9    F: (702) 968-8088
     murban@theurbanlawfirm.com
10   smcdonald@theurbanlawfirm.com
     *Counsel for Plaintiff*
11
                    **EIGHTH JUDICIAL DISTRICT COURT**
12
                         **CLARK COUNTY, NEVADA**
13

14   JASON KINZER, an individual;              Case No.: A-15-727524-C

15                  Plaintiff,                  Dept. No.: XV

16          vs.
                                               **DEMAND FOR JURY TRIAL**
17   ALLEGIANT AIR, LLC, a Nevada limited
     liability company; and ALLEGIANT TRAVEL
18   CO. a Nevada corporation,

19                  Defendants.

20   TO: THE CLERK OF THE ABOVE-ENTITLED COURT; and
     TO: THE ABOVE LISTED DEFENDANTS
21
     The Plaintiff hereby demands that a trial of the above-entitled action be heard before a jury.
22
     Dated this 13th day of November, 2015.        **THE URBAN LAW FIRM**
23
24   By: *Sean W. McDonald*
     Michael A. Urban, Nevada Bar No. 3875
25   Sean W. McDonald, Nevada State Bar No. 12817
     4270 S. Decatur Blvd., Suite A-9
26   Las Vegas, NV  89103
     T: (702) 968-8087
27   F: (702) 968-8088
     murban@theurbanlawfirm.com;
28   smcdonald@theurbanlawfirm.com

                                    1

Electronically Filed
11/10/2015 04:10:06 PM

CLERK OF THE COURT

1   COMP
    MICHAEL J. PANGIA, ESQ.
2   D.C. Bar No. 967182
    (*Pro hac vice* admission pending under SCR 42)
3   **THE PANGIA LAW GROUP**
    1717 N St NW, Suite 300
4   Washington, D.C.  20036
    T: (202) 955-6153
5   F: (202) 393-1725
    mpangia@pangialaw.com
6
    **THE URBAN LAW FIRM**
7   MICHAEL A. URBAN, Nevada Bar No. 3875
    SEAN W. McDONALD, Nevada Bar No. 12817
8   4270 S. Decatur Blvd., Suite A-9
    Las Vegas, Nevada 89103
9   T: (702) 968-8087
    F: (702) 968-8088
10  murban@theurbanlawfirm.com
    smcdonald@theurbanlawfirm.com
11  *Counsel for Plaintiff*

12                        **DISTRICT COURT**

13                   **CLARK COUNTY, NEVADA**

14  JASON KINZER, an individual;          Case No.:    A-15-727524-C

15              Plaintiff,                 Dept. No.:        XV

16        vs.
                                           **VERIFIED COMPLAINT**
17  ALLEGIANT AIR, LLC, a Nevada limited
    liability company; and ALLEGIANT TRAVEL
18  CO. a Nevada corporation,

19              Defendants.

20
        Serve:
21          Scott Sheldon,
              Registered Agent
22          1201 N Town Center Drive
            Las Vegas, NV  89144
23

24        Comes now, James Kinzer, by and through undersigned counsel, and brings this action

25  against the defendants, Allegiant Air LLC, an operating subdivision of Allegiant Travel Co.

26  (hereinafter collectively as "defendant," "Allegiant Air," or "Allegiant"), and alleges as follows:

27

28

60788                                    1

I.   **THE PARTIES**

1.     The plaintiff, Jason Kinzer (hereinafter "Captain Kinzer"), is a citizen and resident of the State of Florida, and at all times relevant was hired and trained by the defendant, Allegiant Air, in the State of Nevada to act as pilot in command of its aircraft.

2.     Defendant, Allegiant Air, LLC, is a limited liability company organized and existing under the laws of the State of Nevada. Defendant Allegiant Travel Co. is the parent company of Allegiant Air, LLC, is a corporation organized and existing pursuant to the laws of the State of Nevada. Both defendants have its principal place of business located in Clark County, Nevada, and this court has jurisdiction over the subject matter and parties thereto.

II.   **GENERAL ALLEGATIONS**

3.     At all times relevant, Allegiant Air is a common carrier by air of passengers for hire and holds itself out to the general public as a provider of air transportation to and from cities in the United States, including Las Vegas, Nevada and St. Petersburg, Florida.

4.     At all times relevant, Allegiant Air holds a certificate for which it applied for and was issued by the Federal Aviation Administration (hereinafter FAA) for the carriage of passengers by air in accordance with the regulations mandated by 14 Code of Federal Regulations, Part 121 (hereinafter Part 121) and was obligated to operate its aircraft in the carriage of passengers for hire in accordance with said regulations and a high degree of care with which it is charged as a common carrier.

5.     At all times relevant, the defendant, Allegiant Air, is by regulation obligated to conduct operations in accordance with the Operation Specifications for which it sought and was approved by the FAA, as required by Part 121.

6.     The Federal Aviation Regulations with which Allegiant Air was to comply as well as its obligation as a common carrier for hire required its operations to be conducted with a high degree of care.

7.     At all times relevant, the defendant, Allegiant Air leased and operated a McDonnell Douglas model MD-80 aircraft, registration No. N869GA (hereinafter "subject

60788                                    2

1  aircraft"), and was using it for the carriage of passengers for hire and was required to comply

2  with said Part 121 in the operation of subject aircraft.

3        8.    At all times relevant, the plaintiff held a valid Airline Transport Certificate issued

4  by the FAA with appropriate rating that allowed him to act as pilot in command of the subject

5  aircraft, and he was entrusted by the defendant to act as pilot in command of the subject aircraft.

6        9.    On June 8, 2015, the defendant, Allegiant Air, assigned or designated the plaintiff

7  to act as pilot in command of the subject aircraft in order to carry fare paying passengers from St.

8  Petersburg, Florida to Hagerstown, Maryland on a flight designated as Flight No. 864.

9       10.    The defendant, Allegiant Air, in so assigning the plaintiff the position of pilot in

10  command of the subject flight, was obligated to make all reasonable assurances as mandated by

11  Part 121 to determine that the plaintiff, Captain Kinzer, was fully qualified and trained as

12  required under Part 121 and its FAA-approved Operations Specifications and expected Captain

13  Kinzer to carry out his responsibilities both under Part 121 and the applicable General Operating

14  and Flight Rules contained in 14 Code of Federal Regulations, Part 91.

15       11.    The General Operating and Flight Rules, particularly 14 Code of Federal

16  Regulations, Part 91.3, at all times relevant, mandated Captain Kinzer and the defendant,

17  Allegiant Air, that he was to be directly responsible for, and the final authority as to, the

18  operation of the subject aircraft on said Flight No. 864.

19       12.    At all times relevant, the defendant, Allegiant Air, was responsible and obligated

20  under the Federal Aviation Regulations, particularly 14 C.F.R. § 121.533(d), to assure that its

21  pilots in command, including the plaintiff on Flight No. 864, remain responsible for the safety of

22  the passengers, crewmembers and the airplane.

23       13.    At all times relevant, the defendant, Allegiant Air, was obligated and required to

24  assure that the operation of its aircraft, including the subject aircraft, was done in accordance

25  with the FAA-approved General Operation Manual and in the manner in which it periodically

26  trained its pilots in the simulator and in addition to its duty to exercise a high degree of care, all

27  of which mandated the evacuation of an aircraft in the event of a fire or possibility of a fire or

28  any condition that might possibly affect the health and safety of the passengers and crew.

60788                                3

14.     At all times relevant, the defendant, Allegiant Air, was obligated and responsible to comply with the Federal Aviation Regulations, particularly 14 C.F.R. § 121 557(a), to assure that in emergency situations arising during flight that require immediate decision action, that the pilot in command, including the plaintiff, Captain Kinzer, may take any action that he considers necessary under the circumstances and may deviate from prescribed operation procedures to the extent required in the interest of the safety of his passengers and crew as well as the aircraft.

15.     The Federal Aviation Regulations have the force and effect of law and, at no times relevant, did Allegiant Air apply for or receive a waiver or exemption from the regulations pertaining to the authority and responsibility of the pilot in command of its aircraft.

16.     On June 8, 2015, at about 4:30 p.m. EDT (or 2030 Zulu), the subject aircraft operated by the defendant, Allegiant Air, as Flight No. 864 took off from St. Petersburg, Forida bound for Hagerstown, Maryland with Captain Kinzer assigned by the defendant as the pilot in command, along with a first officer, four cabin crewmembers and one hundred and forty-one (141) fare paying passengers on board.

17.     Shortly after takeoff, as the said flight was climbing to its Air Traffic Control assigned altitude and before it reached five thousand feet, one or more of the cabin crew reported to Captain Kinzer and the first officer that acrid smoke or chemical fumes from an undetectable source was emanating from the rear of the passenger cabin and that it was being detected and inhaled by the passengers as well.

18.     Captain Kinzer, in accordance with his regulatory duty and his common law obligation to provide a high degree of care for the safety of his passengers, declared an emergency to Air Traffic Control and returned for a landing to the St. Petersburg airport, which was still the closest useable airport to his position.

19.     After landing and clearing the active runway, Captain Kinzer advised the air traffic ground controller that Flight 864 was going to stop where they were and, having been met at that location by the vehicles and personnel of the St Petersburg Airport Crash/Fire Rescue, (hereinafter "Fire Rescue"), in order to have the Fire Rescue personnel check out the aircraft before proceeding to the terminal.  The air traffic ground controller asked the Fire Rescue

1   personnel if they copied Flight 864, to which they answered in the affirmative.  The Fire Rescue

2   personnel asked Flight 864, "...what do you need us to check out?" to which the cockpit crew

3   responded that the flight attendants reported to them a "burning smell" immediately after they

4   departed and asked Fire Rescue if they could see any smoke or scorching.  After further

5   checking, Fire Rescue reported to Captain Kinzer and his First Officer, "I'm showing some

6   smoke on your No. 1 engine" and urged the crew to shut it down.

7       20.    Captain Kinzer and his First Officer shut down the engines and the First Officer

8   proceeded to discharge the on board engine fire extinguisher into the engine

9       21.    Captain Kinzer and the First Officer checked with the cabin crew to learn that the

10  acrid burning smell was not resolved and, for the safety of his passengers and crew and in

11  accordance with his training and responsibility, ordered the cabin crew to prepare for an

12  evacuation and notified the air traffic ground controller of that intention.

13      22.    After Flight 864 reported to the air traffic ground controller of the decision to

14  evacuate, a person who did not identify himself or his authority, over the air traffic control

15  frequency, commanded the cockpit crew to "hold off on your evacuation."  The air traffic

16  controller admonished the persons on the frequency that they must identify themselves when

17  using the air traffic control frequency to which there was no response.  Captain Kinzer requested

18  an identification of the person making this command to which a response from the unidentified

19  person was a repeat of the command, "I'm telling you not to evacuate yet," without giving the

20  source of authority or reason to make such a command.

21      23.    After approximately another minute passed, Captain Kinzer asked the unidentified

22  person for the reason why evacuation was being held off and that "We need an answer, please."

23  The air traffic ground controller asked Fire Rescue, "Did you copy that?" to which no one

24  responded.  The air traffic ground controller interceded and repeated the request to the unknown

25  caller that Flight 864 needed to know why evacuation was to be delayed to which no identifiable

26  response, reason or authority was given.  A true and correct copy of the pertinent

27  communications over the Air Traffic Ground Control frequency is annexed hereto and made a

28  part hereof as **Exhibit 1**.

24.     In compliance with the Federal Aviation Regulations, particularly 14 C.F.R. § 121.417(4), Allegiant Air was obligated in the training of its pilots to review and discuss previous aircraft accidents and incidents pertaining to actual emergency situations.  Among those situations reviewed were instances where a delay in landing or evacuation, particularly in the presence of smoke, caused serious injury and death.

25.     The unauthorized command over the air traffic control frequency, given without adequate identification, citation of authority or reason, attempting to usurp the legal final command responsibility of Captain Kinzer, particularly after an emergency landing due to smoke in the passenger cabin from an unknown source and report of smoke coming out of one of the engines, caused additional alarm on the part of Captain Kinzer for the safety of his passengers and crew and, with the concurrence of his First Officer, ordered an evacuation in accordance with the duty and responsibility imposed upon him by law, his training and the high degree of care with which he was charged.

26.     While personally checking the passenger cabin to assure himself that the passengers were safely evacuated, Captain Kinzer noted that a passenger was still on board saying, "Help me, I cannot walk."  He was a paraplegic.  Captain Kinzer lifted the disabled passenger out of his seat, and with the assistance of one of the flight attendants, carried the passenger to the exit where he could be safely evacuated.  Captain Kinzer then rechecked the cabin to ensure personally that all souls were evacuated before he left the plane himself.

27.     Because Captain Kinzer ordered the said evacuation, Allegiant Air corporate management accused him of not taking into primary account "the Company's assets, ground equipment, fuel and the personal time of our employees and customers" above his command responsibility of caring for the safety of his passengers and crew—essentially not placing company profits above safety—and, for that reason, fired him.  Attached hereto and incorporated by reference as **Exhibit 2** is a true copy of the Allegiant Air termination letter.

28.     At all times relevant, Captain Kinzer has had a perfectly clean record with no violations, sanctions, warnings or reprimands of any kind, and was determined to be rated and

60788

6

1   certificated by the Federal Aviation Administration and competent to act as pilot in command of

2   large aircraft carrying passengers and cargo for hire.

### FIRST CAUSE OF ACTION

### FOR WRONGFUL AND TORTIOUS TERMINATION OF EMPLOYMENT

5         29.    The plaintiff, Captain Kinzer, repeats, realleges and incorporates each and every

6   of the above allegations as though fully set forth herein.

7         30.    Allegiant Air wrongfully and maliciously fired Captain Kinzer for not placing

8   monetary concern such as company assets, cost of rescheduling, fuel and cost of company

9   personnel in his decision, above his command responsibility for the safety of his passengers and

10   crew as required by law the high degree of due care he and the company was supposed to

11   maintain.

12         31.    The acts and omissions of the defendant, Allegiant Air, toward Captain Kinzer are

13   retaliatory in that it essentially demanded of the plaintiff, and others similarly situated, to

14   participate in an activity, policy and/or practice of his employer which violate the Federal

15   Aviation Regulations and potentially endanger the lives and limbs of his passengers and the

16   general public.

17         32.    The acts and omissions of the defendant, Allegiant Air, toward Captain Kinzer is

18   deleterious and contrary to and amounts to a reckless disregard of the public policy of all states,

19   including the State of Nevada, particularly by reason of the application of the Federal Aviation

20   Regulations that establish a uniform public policy to be recognized by all states concerning

21   operation of aircraft, unauthorized use of air traffic control frequencies and air transportation of

22   fare paying passengers.

23         33.    As a direct and proximate cause of the wrongful and tortious conduct on the part

24   of the defendant, Allegiant Air, the plaintiff suffered and will continue to suffer, among other

25   things, compensatory loss of income, humiliation, embarrassment, loss of reputation as a pilot,

26   loss of his ability to find similar employment as a pilot or employee in the aviation industry, and

27   probably in other fields of employment as well, and has been damaged in an amount in excess of

28   TEN THOUSAND DOLLARS ($10,000.00), exclusive of interest and costs.

60788

7

## SECOND CAUSE OF ACTION

### FOR DEFAMATION

34.     The plaintiff, Captain Kinzer, repeats, realleges and incorporates each of the above allegations as though fully set forth herein.

35.     The discharge letter (Exhibit 2), signed by Mark Grock, Allegiant's Chief Pilot, as well as other writings and emails created by Allegiant, contain  false and defamatory statements concerning Captain Kinzer.

36.     By providing a copy of the discharge letter to Greg Baden, who was not privileged to receive the same, as well as retaining a copy in Captain Kinzer's personnel file and by not controlling access to this file to exclusively those who had a legitimate management reason to review the file, there was unprivileged publications to third parties.  In addition to the discharge letter, Allegiant Air management, agents and employees have made other unprivileged publication to third parties of false and defamatory statements concerning Captain Kinzer.

37.     The publication to Mr. Baden and to Captain Kinzer's file, as well as to others, was at least negligent and may have in fact been an intentional attempt to send a message to other Allegiant pilots concerning an unlawful company protocol on smoke in the cabin by Allegiant management.

38.     As a result of the publication to Captain Kinzer's personnel file, as well as the comments made to others, Captain Kinzer has been blackballed by the aviation industry and is unable to find employment in the aviation field and difficulty in finding employment, aside from possibly self-employment, in other areas as well.

39.     As a direct and proximate cause of the wrongful and tortious conduct on the part of the defendant, Allegiant Air, the plaintiff suffered and will continue to suffer, among other things, compensatory loss of income, humiliation, embarrassment, loss of reputation as a pilot, loss of his ability to find similar employment as a pilot or employee in the aviation industry, and probably in other fields of employment as well, and has been damaged in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00), exclusive of interest and costs.

1

**THIRD CAUSE OF ACTION**

2

**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

3    40.    The plaintiff, Captain Kinzer, repeats Plaintiffs reallege and reaver the foregoing

4    paragraphs as if fully rewritten here.

5    41.    At all times relevant, defendant, Allegiant Air, engaged in extreme and

6    outrageous conduct in the following ways, including but not limited to:

7        a.    Taking advantage of the position of trust and confidence given to it by the

8    FAA and placing its own financial own financial benefit above that of fare paying

9    passengers;

10        b.    Failing to abide by FAA Rules and Regulations and permitting Captain

11    Kinzer to operate its aircraft in the best interest of his passengers; and

12        c.    Attempting to send a warning message to the line pilots of Allegiant Air

13    by firing Captain Kinzer without cause or indeed any legal justification.

14    42.    At all times relevant, Defendant Allegiant Air's conduct was recklessly

15    indifferent to the likelihood that its actions would cause severe emotional distress to the Plaintiff,

16    and caused and will continue to cause severe emotional distress to the Plaintiff.

17

**FOURTH CAUSE OF ACTION**

18

**FOR PUNITIVE OR EXEMPLARY DAMAGES**

19    43.    The plaintiff, Captain Kinzer, repeats, realleges and incorporates each of the

20    above allegations as though fully set forth herein.

21    44.    The acts and omissions on the part of the defendant, Allegiant Air, towards

22    Captain Kinzer were not only malicious, retaliatory and in a reckless disregard of his rights and

23    responsibilities, but also a reckless disregard of the Federal Aviation Regulations and the high

24    degree of a duty of due care with which it is charged for the safety of the public.  Moreover, it

25    sends a dangerous warning message to other Allegiant Air pilots to place corporate financial

26    concerns and profits as a priority over the safety of the passengers, crew and the general public in

27    times of emergency or else jeopardize their continued employment with this defendant.

28

45.     In the interest of safety and welfare of the public, both flying and on the ground, plaintiff demands that punitive damages be awarded in order to deter future similar conduct on the part of this defendant and others similarly situated in an amount to be determined by the jury as appropriate under the law of the State of Nevada.

WHEREFORE, plaintiff demands judgment against the defendant in an amount in excess of TEN THOUSAND DOLLARS ($10,000.00), to be determined by the jury, to compensate him for compensatory losses stated above and for punitive damages, together with appropriate interest and costs and for such other and further relief this Honorable Court may deem just and proper.

Dated this 10th day of November, 2015.

MICHAEL J. PANGIA, ESQ.
D.C. Bar No. 967182
(*Pro hac vice* admission pending under SCR 42)
**THE PANGIA LAW GROUP**
1717 N St NW, Suite 300
Washington, D.C.  20036
T: (202) 955-6153
F: (202) 393-1725
mpangia@pangialaw.com

**THE URBAN LAW FIRM**

By:     _____
MICHAEL A. URBAN, Nevada Bar No. 3875
SEAN W. McDONALD, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com

*Counsel for Plaintiff*

60788

10

Exhibit "1"

FEDERAL AVIATION ADMINISTRATION

RE:   ACCIDENT PIE/ATCT 0024

PIE/ATCT 0024
38:00 to 45:00

THE FOLLOWING WAS TRANSCRIBED:
FEDERAL AVIATION ADMINISTRATION
ST. PETE/CLEARWATER AIR TRAFFIC CONTROL TOWER

06-08-15
2138:00 to 2145:00

No Court Reporter Present

CP REPORTING, LLC
20006 North Cove Road, Suite 100
Cornelius, NC 28031

(704) 682-0747

Page 2

PIE/ATCT 0024


INDEX


Radio transmissions in order of speakers:


864 - Allegiant Flight 864


GC - Ground Control


RF - Rescue and Fire (unable to determine which unit)


RF2 - Rescue and Fire Unit 2


1417Y - Cessna 1417Y


RF3 - Rescue and Fire Unite 3


N728RH - Beech 728 RH




Abbreviations:


FLIR - Forward Looking Infrared

Page 3

```
 1   (2138:00)

 2   2138:26    864      Ground   Allegiant 864 clearing
 3                       on alpha

 4   2138:28    GC       This is 864 Ground say
 5                       intention

 6   2138:32    GC       Yeah we're going to stop once
 7                       we clear the runway and have
 8                       the emergency equipment just
 9                       check us out

10   2138:38    GC       This is 864 roger if you just
11                       want to round the corner then
12                       and stopped there

13   2138:44    GC       Okay uh we're actually going
14                       to stop right here and have
15                       them just check us out if you
16                       could

17   2138:49    GC       Allegiant 864 roger we'll do
18                       and the emergency vehicle did
19                       you copy that

20   2138:54    RF       Yeah, we copy

21   2138:55    864      Roger

22   2139:10    GC       And emergency vehicles can you
23                       advise you're not clear 36
24                       right then correct

25   2139:20    RF       We're not clear 36 right
```

Page 4

| | | | |
|---|---|---|---|
| 1 | 2139:22 | GC | Okay let me know let me know |
| 2 | | | as soon as you're clear runway |
| 3 | | | 36 right please |
| 4 | 2139:35 | 1417 | Good afternoon Ground Cessna |
| 5 | | | 1417 Yankee any idea for |
| 6 | | | landing |
| 7 | 2139:39 | GC | Number 1417 Yankee (inaudible) |
| 8 | 2139:42 | 1417 | Yes sir with the activity I |
| 9 | | | hear are we going to be able |
| 10 | | | to take off this afternoon or |
| 11 | | | everything going to be closed |
| 12 | | | for a while? |
| 13 | 2139:47 | GC | 1417 Yankee and you may want |
| 14 | | | to depart runway 4 |
| 15 | 2139:54 | 1417 | Okay we'll go ahead and fire |
| 16 | | | up and call you back thanks |
| 17 | 2140:00 | GC | 17 Yankee roger |
| 18 | 2140:02 | RF2 | St. Pete Ground, ARFF2 |
| 19 | 2140:03 | GC | RF 2 semi ground |
| 20 | 2140:05 | RF2 | Can I talk to the pilot on |
| 21 | | | this channel or do you want me |
| 22 | | | to move to the discreet |
| 23 | | | channel |
| 24 | 2140:11 | GC | RF 2 and you can go ahead for |
| 25 | | | right now if it becomes |

```
 1                          lengthy I'll let you know
 2   2140:16    RF2          Copy RF 2 Allegiant Aircraft
 3                          what do you need us to check
 4                          out
 5   2140:24    864          All right the flight
 6                          attendants reported a burning
 7                          smell immediately after
 8                          departure so do you guys have
 9                          a way of checking to see
10                          anything out of the ordinary
11                          in the airplane do you see
12                          smoke do you see any scorching
13   2140:35    Unknown      Yeah there's fire
14   2140:37    GC           Yeah we don't have any any
15                          signs of that I'll swing
16                          around your other side there,
17                          starboard side and we'll do a
18                          FLIR check on that side as
19                          well
20   2140:47    864          Okay thanks very much we'll be
21                          standing by this frequency so
22                          if you give us a clear we'll
23                          taxi back to the gate
24                          afterward
25                          And is it better for you guys
```

Page 6

```
 1                        if we clean the airplane's

 2                        configuration or do you -- is

 3                        the flare better with the flap

 4                        or the flaps (inaudible)

 5                        deployed like this

 6   2041:05   RF         I'm -- I'm showing some smoke

 7                        on your number one engine

 8   2041:14   864        Verify you're showing smoke on

 9                        the number one engine

10   2041:16   RF         That's affirmative -- if you

11                        want to shut number one down

12                        that's the pilot side

13   2041:21   864        All right number one here we

14                        go

15   2041:53   864        Tower Ground Allegiant 864

16                        we're going to be evacuating

17   2041:58   GC         Allegiant 864 roger okay and

18                        at that -- at that position

19                        correct

20   2042:03   864        Yes right here we're going to

21                        be evacuating

22   2042:05   RF         864 roger

23   2042:07   Unknown    864 hold off on your

24                        evacuation please

25   2042:13   864        Who said to hold off
```

| | | | |
|---|---|---|---|
| 1 | 2042:15 | Unknown | Yes please hold off on your |
| 2 | | | evacuation |
| 3 | 2042:16 | 864 | Yes who is this |
| 4 | 2042:22 | GC | Be advised when you guys are |
| 5 | | | making transmissions identify |
| 6 | | | yourself first so everybody |
| 7 | | | knows who's talking to who |
| 8 | 2042:29 | 864 | Yeah Allegiant 864 who's |
| 9 | | | telling us not to evacuate |
| 10 | 2042:34 | Unknown | Airport Command RF 2 I'm |
| 11 | | | telling you not to evacuate |
| 12 | | | yet |
| 13 | 2042:37 | 864 | All right |
| 14 | 2043:01 | 864 | Allegiant 864 why do you want |
| 15 | | | us to hold |
| 16 | 2043:17 | 864 | We need answer please why do |
| 17 | | | you want us to hold on the |
| 18 | | | evacuation |
| 19 | 2043:27 | GC | RF 2 Command safety ground did |
| 20 | | | you copy Allegiant's |
| 21 | | | transmission |
| 22 | 2043:36 | GC | Ops 1 are you on St. Pete |
| 23 | | | ground |
| 24 | 2043:44 | GC | Okay are there any emergency |
| 25 | | | vehicles any of the RF |

Page 8

| 1  |          |          | vehicles on ground frequency |
| 2  | 2043:51  | RF3      | Affirmative RF 3 on |
| 3  | 2043:53  | GC       | Okay RF 3 on Allegiant 864 is |
| 4  |          |          | requesting why do you want |
| 5  |          |          | them to hold on the evacuation |
| 6  |          |          | they need an answer please |
| 7  | 2044:04  | RF       | RF 3 give me one second I'll |
| 8  |          |          | contact the man on the ground |
| 9  | 2044:16  | N728RH   | St. Pete Ground November 728 |
| 10 |          |          | Romeo go |
| 11 | 2044:45  | Unknown  | (inaudible) |
| 12 | 2044:46  | N728RH   | St. Pete Ground November 728 |
| 13 |          |          | Romeo Hotel |
| 14 | 2044:50  | GC       | Number 728 Romeo Hotel, St. |
| 15 |          |          | Pete Ground |
| 16 | 2044:53  | N728RH   | How much out there |
| 17 |          |          | I was in transition to the |
| 18 |          |          | landings am I going to be able |
| 19 |          |          | to do it |
| 20 | 2045:00  | GC       | November 728 Romeo roger and I |
| 21 |          |          | should be able to work that |
| 22 |          |          | out for you just -- are you |
| 23 |          |          | ready to taxi now |
| 24 | 2045:07  | N728RH   | I'd have to start off and then |
| 25 |          |          | I'll call you but I just |

Page 9

```
1                        wanted -- I want to make sure
2                        I could go to the landing so
3                        I'll call you when I start up
4                        in a few minutes
5    2045:13   GC        (inaudible) tower roger let me
6                        know when you're ready to taxi
7        WHEREUPON, at 2145:13, the transcription
8    ended.
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

Page 10

PIE/ATCT 0024

CERTIFICATION

I, Michael Lawrence, Notary Public in and for the
County of Guilford, State of North Carolina at Large, do
hereby certify:

That the hearing was taken before me and recorded by
Stenomask, thereafter reduced to typewriting under my direct
supervision, and the foregoing consecutively numbered pages
are a complete and accurate record of all the testimony.

That the undersigned is not of kin, nor in anywise
associated with any of the parties to said cause of action,
nor their counsel, and that I am not interested in the
event(s) thereof.


IN WITNESS WHEREOF, I have hereunto set my hand this


the 4th day of November, 2015.




                                    CP REPORTING, LLC

Notary No.: 201315500163       20006 North Cove Road, Suite 200

                               Cornelius, NC  28031

Exhibit "2"



July 23, 2015

Jason Kinzer

██████████ FL 3█

Dear Captain Kinzer,

This letter is to notify you that we have concluded our investigation of your conduct as Captain of
Allegiant Flight 864 on June 8, 2015.

As an Allegiant Captain, you are considered the "on-scene commander" and should always demonstrate
professionalism, maturity and concern for our customers and your coworkers during their daily work
assignments. You do this by operating each aircraft safely, smoothly and efficiently and striving to
preserve the Company's assets, aircraft, ground equipment, fuel and the personal time of our employees
and customers.

You failed to exhibit these behaviors during Flight 864. You ordered an evacuation that was entirely
unwarranted and, as a result, your conduct and decision-making on June 8, compromised the safety of
your crew and your passengers and led directly to the injuries. Furthermore, during a review of the event
and in subsequent conversations you have repeatedly insisted that you made a good decision to evacuate
the aircraft and, if faced with a similar situation, you would follow the same course of action.

It is for these reasons that your employment with Allegiant is terminated effective immediately.

Sincerely,

Mark Grock
System Chief Pilot
Allegiant Air

cc.    Greg Baden, VP Flight Operations

# EXHIBIT 2

# EXHIBIT 2

## DECLARATION OF LAURA OVERTON

Laura Overton declares as follows under penalty of perjury.

1.      I am over the age of 18 and competent to attest to the facts stated in this Declaration.  I make this Declaration in support of Defendants' Notice of Removal filed in the action entitled *Jason Kinzer v. Allegiant Air, LLC, et al.*  I am familiar with the facts and circumstances described herein.  If called on to do so, I could and would testify as to their truth.

2.      I am General Counsel and Vice President of Legal Affairs to Allegiant Travel Company.  In my capacity as General Counsel I have become familiar with facts and circumstances relevant to Plaintiff Jason Kinzer's ("Plaintiff") Complaint.

3.      At the time Plaintiff was separated from employment with Allegiant Air, LLC, he received a yearly salary of $120,000.00.  Prior to Plaintiff's service of the Summons and Complaint on Defendants, Plaintiff's representative contacted me and demanded $3,000,000.00 to resolve this dispute.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

Executed: December 3, 2015.

By: _____
Laura Overton