MICHAEL J. PANGIA, ESQ.
D.C. Bar No. 967182
(Will comply with LCR IA 10-2 by Jan. 26, 2016)
**THE PANGIA LAW GROUP**
1717 N St NW, Suite 300
Washington, D.C. 20036
T: (202) 955-6153
F: (202) 393-1725
mpangia@pangialaw.com

**THE URBAN LAW FIRM**
MICHAEL A. URBAN, Nevada Bar No. 3875
SEAN W. McDONALD, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KINZER, an individual; | Case No.: 2:15-cv-02306-JAD-PAL |
| Plaintiff, | |
| vs. | **MOTION TO REMAND TO STATE COURT** |
| ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO. a Nevada corporation, | |
| Defendants. | |

Plaintiff, JASON KINZER, moves for an Order remanding the present action to the state court, the Eighth Judicial District Court in Clark County, Nevada. As no original federal jurisdiction exists for this matter, the case must be remanded to the state district court for Clark County, Nevada. In support of his Motion to Remand, Plaintiff states as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 8, 2015, Captain Jason Kinzer was piloting Allegiant Air Flight 864 from St. Petersburg, Florida to Hagerstown, Maryland. Compl., Doc. 1 at 12. On June 8, 2015, shortly after take-off from St. Petersburg, Florida, with one hundred and forty-one passengers aboard,

1

1  the flight attendants reported to him that a pungent smoke from an unknown source was
2  emanating from somewhere in the rear of the passenger cabin. Doc. 1 at 12. He immediately
3  returned to St. Petersburg to make an emergency landing. Doc. 1 at 12–13. After landing, the St.
4  Petersburg Airport Crash and Rescue personnel advised him that smoke was emanating from the
5  No. 1 engine and that it should be immediately shut down. Doc. 1 at 12–13. Since the smoke in
6  the passenger cabin did not abate and for the safety of his passengers, with the concurrence of his
7  second-in-command pilot, he ordered an evacuation of the passengers. Doc. 1 at 12–13. On July
8  23, 2015, Allegiant terminated Captain Kinzer's employment because of the decision to
9  evacuate. Doc. 1 at 31. Allegiant never told Capt. Kinzer what was causing the smoke in the
10 passenger cabin, and that in retrospect the aircraft had no problem, rendering the evacuation
11 unnecessary. Doc. 1 at 31. He was admonished that before ordering evacuation he should have
12 first taken into consideration the "Company assets" and rescheduling costs before making such
13 decisions. Doc. 1 at 31.
14      On November 13, 2015, Plaintiff, Captain Jason Kinzer, a citizen of the State of Florida,
15 initiated a lawsuit against Defendants Allegiant Air, LLC and Allegiant Travel Co., both citizens
16 of Nevada in the state district court for Clark County, Nevada. Doc. 1 at 9. Plaintiff's complaint
17 asserted solely state law claims of wrongful and tortious termination of employment, defamation,
18 intentional infliction of emotional distress, and punitive damages. Doc. 1 at 9–18 On December
19 7, 2015, Defendants removed this case to the United States District Court for the District of
20 Nevada, purporting both diversity and federal question jurisdiction. Doc. 1 at 1–3.

21 **II.     LAW AND ARGUMENT**

22      There is absolutely no support for this removal. Plaintiff asserts that removal is
23 improper because the Court does not have subject matter jurisdiction over this case on either
24 federal question grounds or diversity. Each potential source of Federal jurisdiction will be
25 discussed in turn.

26      **A.    Diversity Jurisdiction**

27      Defendants Allegiant Air, LLC and Allegiant Travel Co. are statutorily barred from
28 removing the case at bar based on diversity of citizenship. The removal of civil actions based on

diversity is governed by 28 U.S.C. § 1441(b). Section 1441(b) provides that a civil action otherwise removable on the basis of diversity "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." Since Defendants are citizens of Nevada, the forum state, the case cannot be removed to the Federal District Court of Nevada on diversity grounds.

### B. Federal Question Jurisdiction

Plaintiff Jason Kinzer has pleaded only state law claims and thus no federal question jurisdiction exists in this case. Removal based on federal question jurisdiction is governed by 28 U.S.C. § 1441(a). The party seeking to remove the case bears the burden of establishing the existence of federal question jurisdiction. *See Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *cert denied,* 544 U.S. 974 (2005); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Section 1441 is strictly construed against removal and courts resolve any doubts about the propriety of removal in favor of remanding the case to state court. *See Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, the district courts do not have original jurisdiction unless the federal issue appears on the face of the well-pleaded complaint; thus, there can be no removal jurisdiction in a case where there is no federal question. *Id.*

1    One exception to the well-pleaded complaint rule is that Congress may so completely preempt a particular area that any civil complaint raising certain claims is necessarily federal in character. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987). This "complete preemption doctrine" is an "independent corollary" to the well-pleaded complaint rule. *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1107 (9th Cir. 2000). It arises only where "the preemptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for the purposes of the well-pleaded complaint rule.'" *Metro. Life Ins. Co.*, 481 U.S. at 65. If complete preemption does not exist, the district court is without subject matter jurisdiction even if a defendant has a federal defense, including one of preemption. *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941 (9th Cir. 2009).

The complete preemption doctrine is very narrow, and the Supreme Court has only identified three categories where complete preemption exists: certain causes of action arising out of the Labor Management Relations Act ("LMRA"), Employee Retirement Income Security Act ("ERISA"), and National Bank Act. *Moore-Thomas v. Alaska Airlines, Inc.,* 553 F.3d 1241, 1245 (9th Cir. 2009). Importantly, neither the Supreme Court nor the Ninth Circuit has found that the Federal Aviation Act provides an exclusive federal cause of action. *Webb v. Desert Bermuda Dev. Co.,* 518 Fed. App'x 521, 522 (9th Cir. 2013). In such cases, the complete preemption doctrine is inapplicable and there is no basis for removal. *Id.*

Finally, even where federal law generally establishes applicable standards of care in the field of aviation safety with ordinary preemption, and not preemption for removal purposes, the Ninth Circuit has held that "Congress has not occupied the field of employment law in the aviation context and that the FAA does not confer upon the agency the exclusive power to regulate all employment matters involving airmen." *Ventress v. Japan Airlines,* 747 F.3d 716, 721 (9th Cir. 2014). Whether or not claims that involve federal regulatory standards of care are subject to ordinary preemption is a matter left for adjudication by a state trial judge. *See Vorhees v. Naper Aero Club., Inc.,* 272 F.3d 398, 405 (7th Cir. 2001); *Brown v. City & Cty. of Honolulu,* No. 14-00354 HG-KSC, 2015 WL 1564942, at *5 (D. Haw. Feb. 26, 2015).

In the present case, Plaintiff Jason Kinzer has only alleged state causes of action on the face of his complaint. Plaintiff's state causes of action are based on wrongful termination in violation of Nevada public policy and defamation. While federal regulations have been referenced in the complaint, it has only been used to reference the public policy interests that Nevada recognizes as part of its state law wrongful termination claim. Congress has not preempted the field of state employment law—and the mere reference to federal statutes or regulations does not invoke federal question jurisdiction in either the context of defamation or wrongful termination. Thus, since there is no complete preemption, the well-pleaded complaint rule must govern and Plaintiff's motion to remand should be granted.

## III.   CONCLUSION

For the forgoing reasons, this Court lacks subject matter jurisdiction over this case. The matter must be remanded to the state court where it was originally filed.

Dated this 11th day of December, 2015.

    MICHAEL J. PANGIA, ESQ.
D.C. Bar No. 967182
(Will comply with LCR IA 10-2 by Jan. 26, 2016)
**THE PANGIA LAW GROUP**
1717 N St NW, Suite 300
Washington, D.C. 20036
T: (202) 955-6153
F: (202) 393-1725
mpangia@pangialaw.com

**THE URBAN LAW FIRM**

By:      /s/ Sean W. McDonald
MICHAEL A. URBAN, Nevada Bar No. 3875
SEAN W. McDONALD, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com

*Counsel for Plaintiff*

62513

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of December, 2015, I electronically filed the foregoing **MOTION TO REMAND TO STATE COURT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A Urban murban@theurbanlawfirm.com, RSchleiker@theurbanlawfirm.com, adenni@theurbanlawfirm.com, kopenbrier@theurbanlawfirm.com, nring@theurbanlawfirm.com, pcotsonis@theurbanlawfirm.com, smcdonald@theurbanlawfirm.com, vhernquist@theurbanlawfirm.com

Veronica Arechederra-Hall veronica.hall@jacksonlewis.com, LasVegasDocketing@JacksonLewis.com, janine.martin@jacksonlewis.com, karen.michelini@jacksonlewis.com

Steven C Anderson steven.anderson@jacksonlewis.com, christar@jacksonlewis.com, karen.michelini@jacksonlewis.com, lasvegasdocketing@jacksonlewis.com, santiagoe@jacksonlewis.com

Sean W. McDonald smcdonald@theurbanlawfirm.com, efiling@theurbanlawfirm.com

and I hereby certify that have mailed by United States Postal Service the document to the following non-CM/ECF participants:

[none]

                                        */s/ Sean W. McDonald*
                                        An Employee of The Urban Law Firm

62513