Veronica Arechederra Hall, Bar No. 5855
veronica.hall@jacksonlewis.com
JACKSON LEWIS P.C.
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

Erik M. Dullea *(admitted pro hac vice)*
erik.dullea@jacksonlewis.com
JACKSON LEWIS P.C.
950 17th Street, Suite 2600
Denver, Colorado 80802
Tel: (303) 892-0404
Fax: (303) 892-5575

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JASON KINZER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO. a Nevada corporation,<br><br>Defendants. | Case No. 2:15-cv-2306-JAD-PAL<br><br>**DEFENDANTS' MOTION TO EXTEND DISCOVERY**<br><br>**(FIRST REQUEST)** |

Defendants ALLEGIANT AIR, LLC and ALLEGIANT TRAVEL CO. (collectively "Defendants"), by and through their attorneys, Jackson Lewis P.C., hereby submit the instant Motion to Extend certain discovery deadlines pursuant to Fed.R.Civ.P. 6, Fed.R.Civ.P. 16, LR IA 6-1, LR 26-4 and LR 26-7.

///

///

///

///

///

This Motion is based on the following Memorandum of Points and Authorities, the Declaration of Counsel attached hereto as **Exhibit A**, all pleadings and documents on file with the Court, and any argument that the Court deems proper.

DATED this 12 day of May, 2016.

JACKSON LEWIS P.C.

VERONICA ARECHEDERRA HALL, ESQ.
Nevada Bar No. 5855
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

ERIK M. DULLEA, ESQ.
*Admitted Pro Hac Vice*
950 17th Street, Suite 2600
Denver, Colorado 80201
*Attorneys for Defendants*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

This case arises out of Plaintiff's employment with Defendant Allegiant Air, LLC ("Allegiant") as a Captain (pilot). Plaintiff's employment was terminated as a result of an accident that occurred on June 8, 2015, and the events that occurred thereafter relating to the accident. On that day, Plaintiff was the Captain of Flight 864 with scheduled service from St. Petersburg, Florida to Hagerstown, Maryland. Shortly after takeoff, one of the Flight Attendants reported smelling a burning rubber odor in the cabin. Plaintiff made the decision to return to St. Petersburg and, once on the ground, ordered the evacuation of the aircraft. Notably, there was no smoke in the cabin and the flight attendants did not observe any passenger reaction to the smell (which dissipated while inflight and was communicated to the pilots). During the evacuation, seven individuals were allegedly injured, one of them seriously.

An investigation into the accident concluded that the evacuation was unwarranted and that Plaintiff's actions put the safety of his passengers and crew in jeopardy. When faced with the evidence, findings and conclusions, Plaintiff refused to accept responsibility. Instead, he insisted

he had acted appropriately and maintained that he would not change his course of conduct in any way if faced with similar circumstances in the future. Plaintiff's refusal to consider alterative courses of conduct, which would have avoided the passenger injuries, raised doubts that Plaintiff would follow aircraft checklists and utilize all available resources when dealing with unexpected circumstances in the future. As a result, Defendant Allegiant concluded that Plaintiff had not only performed poorly, but posed a safety risk going forward. Thereafter, his employment was terminated on July 23, 2015.

## II. PROCEDURAL HISTORY AND THE INSTANT MOTION

On November 10, 2015, Plaintiff filed a Verified Complaint against Defendants in the Eighth Judicial District Court, Clark County, Nevada, generally alleging claims for wrongful termination in violation of state law. On December 7, 2015, Defendants removed the case to this Court. (ECF No. 4). In response, Plaintiff filed a Motion to Remand to State Court on December 11, 2015. (ECF No. 11). Subsequently, Defendants filed a Motion to Dismiss on December 16, 2015 attacking the substantive allegations of the Complaint as well as the joinder of Defendant Allegiant Travel Co. (ECF No. 14). Both Motions have been fully briefed and are pending before this Court. On February 5, 2016, this Court, *sua sponte*, entered an Order regarding the scheduling of discovery after the parties failed to file a stipulated discovery plan and scheduling order. (ECF No. 21). The Parties participated in an Early Neutral Evaluation on February 25, 2016, but were unable to arrive at settlement. Thereafter, the Parties began actively engaging in discovery.

On February 26th, Defendants served Plaintiff with written discovery including Interrogatories and Requests for Production of Documents. At the same time, Defendants requested available dates from Plaintiff's Counsel regarding Plaintiff's availability for deposition. Counsel did not provide the dates until over a month later on April 1st. Pursuant to the information received from Counsel and the Parties good faith efforts to cooperate in scheduling depositions in this matter, Defendants set Plaintiff's deposition for May 11th. The Parties have also worked together to schedule the depositions of various current-and-former employees of Defendants which are proceeding in the coming days. Indeed, cooperation on scheduling matters has been

crucial given that several of the parties' attorneys work in different locations across the United States.

On May 5th, Plaintiff disclosed three expert witnesses: (a) John F. Burke, Jr., Ph.D., Burke, Rosen & Associates, a forensic economist; (b) Cpt. Roy B. Liggett, Jr. (ret), Aviation Operations Solutions, LLC, an aviation operations expert; and (c) John Goglia, an aviation operations and safety expert. In conjunction therewith, Doug Desjardins, Plaintiff's Counsel, demanded that Defendants' rebuttal experts be disclosed that same day. See Email from Mr. Desjardins, p. 2, attached hereto as **Exhibit B**. However, having just received the opinions of Plaintiff's initial experts, Defendants had no opportunity to retain rebuttal experts much less have any such experts author reports in a matter of hours.

The Parties have also engaged in multiple communications and conferences regarding each Party's discovery responses and disclosures. Essentially, Plaintiff and Defendants each believe that the other's responses and disclosures are deficient in certain respects and require supplementation. Defendants also maintain that Plaintiff has failed to produce all responsive documents in his possession. From Defendants' perspective, the deficiencies have hampered Defendants' analysis of Plaintiff's claims and the opinions of his experts, and preparation for deposing and cross-examining the same. Nonetheless, the Parties are actively engaged in attempting to resolve these issues without court intervention and Defendants are hopeful that a resolution will soon be reached.

Collectively, these issues and the complex, high-profile nature of this case, have constrained Defendants' ability to complete discovery in the roughly four months currently allowed in the Scheduling Order. As a result, Defendants are requesting that the deadline to make rebuttal expert disclosures be extended forty-five (45) days to June 17, 2016, and that the close of discovery be extended one hundred and twenty (120) days to November 3, 2016. Therefore, for the aforementioned reasons and those discussed below, Defendants respectfully request that the Court find good cause exists for extending the discovery deadlines as requested and grant the instant Motion.

/ / /

## III. LEGAL ARGUMENT

### A. Standard for Extending Discovery.

Pursuant to Fed.R.Civ.P. 16(b)(3), a case schedule may be modified only for good cause and only with the judge's consent. Fed.R.Civ.P. 16(b). In Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992), the court explained,

> ... Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) ... [T]he focus of the inquiry is upon the moving party's reasons for seeking modification.... If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D.Cal.1999); see Marcum v. Zimmer, 163 F.R.D. 250, 254 (S.D.W.Va.1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply . . . ." Jackson, 186 F.R.D. at 608.

### B. Requirements pursuant to LR 26-4.

#### 1. Discovery Completed to Date

The Parties have completed the following discovery to date:

| Date | Party | Item |
|---|---|---|
| 02/22/2016 | Plaintiff | Initial Disclosures |
| 02/26/2016 | Defendants | First Set of Interrogatories to Plaintiff |
| 02/26/2016 | Defendants | First Set of Requests for Production of Documents to Plaintiff |
| 03/02/2016 | Plaintiff | First Set of Requests for Production of Documents to Defendants |
| 03/02/2016 | Plaintiff | First Set of Interrogatories to Defendants |
| 03/03/2016 | Defendants | Initial Disclosures |
| 03/15/2016 | Plaintiff | First Supplemental Disclosures |

JACKSON LEWIS LLP
LAS VEGAS

5

| Date | Party | Item |
|---|---|---|
| 03/28/2016 | Plaintiff | Answers to Defendants' First Set of Interrogatories |
| 03/28/2016 | Plaintiff | Responses to Defendants' First Set of Requests for Production of Documents |
| 04/11/2016 | Defendants | First Supplemental Disclosures (ALGNT-0001 – ALGNT-0248) |
| 04/15/2016 | Defendants | Second Supplemental Disclosures (ALGNT-0249 – ALGNT-1712) |
| 04/15/2016 | Defendants | Answers to Plaintiff's First Set of Interrogatories |
| 04/15/2016 | Defendants | Responses to Plaintiff's First Set of Requests for Production of Documents |
| 04/20/2016 | Defendants | Third Supplemental Disclosures (ALGNT-1713 – ALGNT-2127) |
| 04/26/2016 | Defendants | Fourth Supplemental Disclosures (ALGNT-2128 – ALGNT-2857) |
| 05/02/2016 | Defendants | Second Set of Interrogatories to Plaintiff |
| 05/02/2016 | Defendants | Second Set of Requests for Production of Documents to Plaintiff |
| 05/05/2016 | Plaintiff | Initial Expert Disclosures |
| 05/06/2016 | Defendants | Fifth Supplemental Disclosures (ALGNT-2858 – ALGNT-3131) |

**2. *Discovery that Remains to be Completed***

The Parties are in the process of meeting and conferring regarding the sufficiency of each Party's disclosures and responses to written discovery. In addition, the Parties have noticed the following depositions:

| Deposition Date | Deponent |
|---|---|
| 05/11/2016 | Jason Kinzer, Plaintiff |

| Deposition Date | Deponent |
|---|---|
| 05/12/2016 | Mark Grock, System Chief Pilot |
| 05/12/2016 | Randy Freedman |
| 05/13/2016 | Robert Lieser, Director, Flight Standards & Training |
| 05/13/2016 | Michael Wuerger, Director, Flight Safety, Government Affairs & Quality Assurance |
| 05/13/2016 | Steve Harfst, Former Chief Operations Officer |
| 05/13/2016 | Greg Baden, Former Vice President, Flight Operations |

Depending on the Plaintiff's deposition testimony, Defendants also expect to notice additional non-party depositions as Plaintiff has identified 16 witnesses as having knowledge concerning this case. Further, the Parties initial and rebuttal experts will be deposed as well as several of Plaintiff's medical providers who reside in Florida.

### 3. Reasons why Discovery was not Timely Completed

As noted above, the Scheduling Order (ECF No. 21) appears to set deadlines for initial and rebuttal expert disclosures, and close of discovery that are in contravention of LR 26-1. Specifically, the Scheduling Order requires initial *and* rebuttal expert disclosures to be made on May 5, 2016 with discovery closing some thirty (30) days later on June 6, 2016. LR 26-1 modifies the deadlines of expert disclosure in Fed.R.Civ.P. 26(a)(2)(D) such that initial expert disclosures must be made sixty (60) days before the close of discovery and rebuttal expert disclosures thirty (30) after initial expert disclosures. While Defendants do not presume to tell the Court what it did or did not intend, this appears to be a simple case of scrivener's error.

The purpose of rebuttal testimony is to "explain, repel, counteract or disprove evidence of an adverse party . . . ." United States v. Lamoreaux, 422 F.3d 750, 755 (8th Cir. 2005) (internal quotations omitted). In other words, "[t]he proper function of rebuttal evidence is to contradict,

impeach or diffuse the impact of evidence offered by an adverse party." <u>Peals v. Terre Haute Police Department</u>, 535 F.3d 621, 630 (7th Cir. 2008). A rebuttal expert witness may only testify after the opposing party's initial expert witness testifies. <u>Linder v. MeadowGold Dairies, Inc.</u>, 249 F.R.D. 625, 636 (D. Haw. 2008). The Eighth Circuit has recognized that "the fact that testimony would have been more proper for the case-in-chief does not preclude the testimony if it is proper both in the case-in-chief and in rebuttal." <u>United States v. Luschen</u>, 614 F.2d 1164, 1170 (8th Cir. 1980).

A party rarely knows before the opposing party makes his or her initial expert disclosures, whether a rebuttal expert opinion will be needed for certain—hence why Fed.R.Civ.P. 26 contemplates that rebuttal disclosures are made after the initial disclosures. See Fed.R.Civ.P. 26, advisory committee's notes (1970 amendment) (recognizing that "[t]he lawyer even with the help of his own experts frequently cannot anticipate the particular approach his adversary's expert will take or the data on which he will base his judgment on the stand.)). Thus, absent the gift of divine foresight, attempting to craft and disclose a rebuttal opinion contemporaneously with the opposing party's initial expert disclosures would be little more than speculation and guesswork.

Next, completion of discovery has been hampered due to the delay in taking Plaintiff's deposition. Due the complexity of this case and Plaintiff's claims, it is necessary for his deposition to occur first, prior to any other party or witness. On February 26, 2016, Counsel for Defendants requested Plaintiff's availability for deposition from Plaintiff's Counsel. Counsel did not provide available dates until April 1, 2016 after additional prompting from Defendants' Counsel. Thereafter, Plaintiff's deposition was scheduled for May 11th.

As the Court is aware, the Federal Rules of Civil Procedure were amended on December 1, 2015. One of the most noteworthy aspects of the Amendments was the revision of Rule 1 which now reads as follows (the amended portion is italicized):

> These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed, administered, *and employed by the court and the parties* to secure the just, speedy, and inexpensive determination of every action and proceeding.

The Advisory Committee Notes thereto explain that "just as the court should construe and

administer these rules to secure the just, speedy, and inexpensive determination of every action, so the parties share the responsibility to employ the rules in the same way." Thus, Fed.R.Civ.P. 1 is intended to "discourage over-use, misuse, and abuse of procedural tools that increase cost and result in delay. Effective advocacy is consistent with—and indeed depends upon—cooperative and proportional use of procedure." In the 2015 Year-end Report on the Federal Judiciary, Honorable John G. Roberts, Jr., Chief Justice of the Supreme Court of the United States, emphasized that the changes to Rule 1 "highlights the point that lawyers—though representing adverse parties—have an affirmative duty to work together, and with the court, to achieve prompt and efficient resolutions of disputes." See pp. 5-6.

Plaintiff's deposition testimony will be one of the most critical pieces of evidence in this case. Indeed, his testimony will affect the entire progression and direction of the case. Defendants have cooperated with Plaintiff, in accordance with Fed.R.Civ.P. 1, to schedule the depositions of Plaintiff and other witnesses. While working in good faith with Plaintiff on the aforementioned, Defendants have diligently conducted discovery while being mindful that Plaintiff's deposition testimony may reveal additional issues requiring discovery, or render prior discovery irrelevant. Of course, if such course corrections are necessary it will cause the parties to expend additional time and resources, and incur additional costs.

Plaintiff's recent disclosure of his initial experts is also grounds to extend discovery given the complexity of the opinions at issue. Defendants are currently in the process of identifying and retaining appropriate rebuttal experts. However, Defendants expect to have to retain experts located outside of Nevada given that expertise regarding aviation safety and operation is needed.

Finally, an extension of the discovery deadlines is necessary due to the obligations of Defendants' counsel and the impending introduction of two new attorneys to the defense team. Erik M. Dullea, Esq., Counsel for Defendants, will be in depositions on another matter from June 1st through the 4th; on active duty military service outside the continental U.S. from June 6th to the 10th; and participating in an administrative hearing from June 13th through the 15th. Further, the undersigned Counsel, will be out of the office on a pre-planned vacation from July 2nd to July 18th. Additionally, Joshua A. Sliker, Esq., one of the new attorneys joining the defense team, will

be out of the office from July 1st to July 11th.

Based on the foregoing, good cause exists to extend the discovery deadlines in this matter.

### 4. *Proposed Schedule for Completing Discovery*

Defendants propose extending the discovery deadlines as follows:

| Discovery Action | Current Date | Proposed Date |
|---|---|---|
| Add Parties / Amend Pleadings | March 7, 2016 | No Change |
| Initial Expert Disclosures | May 5, 2016 | No Change |
| Rebuttal Expert Disclosures | May 5, 2016 | June 17, 2016 |
| Interim Status Report | April 5, 2016 | August 5, 2016 |
| Close of Discovery | June 6, 2016 | October 4, 2016 |
| Dispositive Motions | July 5, 2016 | November 3, 2016 |
| Pre-Trial Order | August 3, 2016<br><br>In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or by further order of the Court. | If no dispositive motions are filed, the Joint Pretrial Order shall be filed thirty (30) days after the date set for the filing of dispositive motions. Therefore, the Joint Pretrial Order shall be filed no later than December 5, 2016. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after decision on the dispositive motions or by further order of the Court. |

///

///

///

///

///

///

## V. CONCLUSION

For each and all of the reasons stated above, Defendant respectfully requests the Court grant Defendants' Motion to Extend Discovery.

Dated this 12 day of May, 2016.

JACKSON LEWIS P.C.

VERONICA ARECHEDERRA HALL, ESQ.
Nevada Bar No. 5855
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169

ERIK M. DULLEA, ESQ.
*Admitted Pro Hac Vice*
950 17th Street, Suite 2600
Denver, Colorado 80201
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis P.C. and that on this 12 day of May, 2016, I caused to be served a true and correct copy of the above and foregoing DEFENDANTS' MOTION TO EXTEND DISCOVERY via ECF filing, properly addressed to the following:

Michael A. Urban
Sean W. McDonald
The Urban Law Firm
4270 South Decatur Boulevard, Suite A-9
Las Vegas, Nevada 89103

Michael Pangia
Pangia Law Group
1717 N Street NW
Washington, DC 20036

Joseph Anderson
1717 N Street NW
Washington, DC 20036

*Attorneys for Plaintiff*

/s/ Janine Martin
Employee of Jackson Lewis, P.C.

4852-5610-3985, v. 2

JACKSON LEWIS LLP
LAS VEGAS

# EXHIBIT A

# EXHIBIT A

# EXHIBIT A

Veronica Arechederra Hall, Bar No. 5855
veronica.hall@jacksonlewis.com
JACKSON LEWIS P.C.
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Tel: (702) 921-2460
Fax: (702) 921-2461

Erik M. Dullea *(admitted pro hac vice)*
erik.dullea@jacksonlewis.com
JACKSON LEWIS P.C.
950 17th Street, Suite 2600
Denver, Colorado 80802
Tel: (303) 892-0404
Fax: (303) 892-5575

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JASON KINZER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO. a Nevada corporation,<br><br>Defendants. | Case No. 2:15-cv-2306-JAD-PAL |

### DECLARATION OF VERONICA ARCHEDERRA HALL, ESQ. IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND DISOCVERY (FIRST REQUEST) PURSUANT TO LR 26-7(c)

VERONICA ARECHEDERRA HALL, first being duly sworn, deposes and says:

1.  I am an attorney duly licensed to practice law in the State of Nevada, and am counsel of record for Defendants Allegiant Air, LLC and Allegiant Travel Co. in the above-captioned matter.

2.  I have personal knowledge of the matters stated herein and, if called to testify, I could and would testify thereto.

3.  On or about April 18, 2016, I spoke with Joseph Anderson, Esq., Plaintiff's

Counsel, by telephone regarding several issues including extending deadlines for rebuttal expert disclosures and close of discovery.

4. I advised Mr. Anderson that the extension was necessary because of (a) an error in the Scheduling Order (Doc. #21) which set the rebuttal disclosure deadline for the same date as initial expert disclosures; (b) the number of witnesses and documents disclosed by the parties to date; (c) the location of the attorneys and witnesses throughout the United States; and (d) the number of depositions to be taken including several outside Nevada.

5. Mr. Anderson agreed to review and consider a proposed stipulation and order which I later sent on April 25, 2016. Therein, I proposed extending the expert rebuttal deadline by forty-five (45) days and the close of discovery by one hundred twenty (120) days.

6. On April 27, 2016, Mr. Anderson replied by email that the proposed extension was too long and counter-proposed extending the initial and rebuttal expert disclosure deadlines and close of discovery by thirty (30) days each.

7. That same day, I advised Mr. Anderson by email that his counter-proposal was not a sufficient extension of time. I requested to schedule a telephonic meet-and-confer conference to discuss the discovery extension, and deficiencies with Plaintiff's FRCP 26 disclosures and responses to Defendants' First Set of Requests for Production.

8. On or about May 2, 2016, a telephonic meet-and-confer was held. My co-counsel, Erik M. Dullea, Esq., and I participated on behalf of Defendants. Michael J. Pangia, Esq. and Mr. Anderson participated on behalf of Plaintiff.

9. After thoroughly discussing the proposed discovery extension, the parties were unable to reach agreement. Instead, Mr. Anderson suggested that further consideration of the matter be stayed until the depositions of Plaintiff and various employees of Defendant Allegiant Air, LLC are completed.

10. However, waiting until the aforementioned depositions are complete will prejudice Defendants as there will be insufficient time for Defendants to prepare and file their Motion to Extend Discovery by the twenty-one (21) day good cause deadline.

11. Therefore, Defendants bring the instant Motion to Extend Discovery as the parties have been unable to agree on a mutually acceptable extension of the deadlines and now require the Court's intervention.

12. Defendants' Motion to Extend Discovery is not made for the purposes of delay or other improper purpose.

UNDER PENALTY OF PERJURY, I DECLARE THAT THE FOREGOING IS TRUE AND CORRECT.

DATED this 12 day of May, 2016.

_____
VERONICA ARECHEDERRA HALL, ESQ.

# EXHIBIT B

# EXHIBIT B

# EXHIBIT B

# Hall, Veronica Arechederra (Las Vegas)

| | |
|---|---|
| **From:** | Mike Pangia <mpangia@pangialaw.com> |
| **Sent:** | Friday, May 06, 2016 1:13 PM |
| **To:** | Hall, Veronica Arechederra (Las Vegas); Douglas Desjardins |
| **Cc:** | Sean McDonald; Joseph Anderson; Edita Samson; Dullea, Erik M. (Denver) |
| **Subject:** | RE: Kinzer Expert Reports |
| **Attachments:** | Kinzer 0067 - 0167 AA Evacs etc.pdf |

Veronica

Please be advised that we checked again to confirm what I told you over the phone last week. The only Allegiant materials that Mr. Kinzer has are the ones Allegiant authored and gave to its pilots and that he has no notes on them or extra materials not generated and provided to him by Allegiant. He believes he has these items only electronically and will bring with him an electronic copy of everything Allegiant gave him. We understand that those items are the Allegiant QRH, the Allegiant manual for the aircraft and the Allegiant General Operating Handbook. Now, if Allegiant was required or did provide him with something else, please let us know what that could possibly be and we can make a further inquiry. If you do not believe we made sufficient effort, you can ask Mr. Kinzer under oath next week.

We understand and appreciate the fact that you want full discovery of whatever Allegiant gave to Mr. Kinzer that still may be in his possession, and we have done everything to comply. Your inquiry does raise a question, however, about Allegiant's inadequate responses to plaintiff's discovery. We have raised objection to slow and inadequate responses, but were nevertheless able to provide our expert reports in a timely fashion in full compliance with the Court's Order. If Allegiant was contemplating naming an expert in this case, we cannot understand how Allegiant was rendered unable to meet the deadline by the lack of Allegiant materials given to pilots.

Concerning the experts, I have confirmed again that we already provided you with their entire files on this case. However, we did just send to them the attached additional information. Bates 67-167. Of course, we may be providing further information as received from time to time and we will certainly provide you with same so that if and when you depose them or cross-examine them at the trial, you can be confident that you have at hand a complete file. I look forward to seeing you next week. Mike

-----Original Message-----
From: Hall, Veronica Arechederra (Las Vegas) [mailto:Veronica.Hall@jacksonlewis.com]
Sent: Thursday, May 05, 2016 9:33 PM
To: Douglas Desjardins
Cc: Sean McDonald; Mike Pangia; Joseph Anderson; Edita Samson; Dullea, Erik M. (Denver)
Subject: Re: Kinzer Expert Reports

Look forward to your confirmation.

Allegiant is entirely aware of the deadlines in the case.

As a reminder, Allegiant is still waiting for the production of Plaintiff's Allegiant materials in his possession, which was promised earlier this week. Of course this creates additional delay, and support for the need to extend discovery and continue plaintiff's deposition.

Sent from my iPhone. Please excuse any typographical errors.

Veronica Arechederra Hall

1

> On May 5, 2016, at 5:37 PM, Douglas Desjardins <dpd@pangialaw.com> wrote:
>
> Veronica,
>
> I believe we have produced the entirety of our expert files--but I will confirm with our experts tomorrow that they have no additional documents in their files.
>
> I would also note that the Court's scheduling Order (Doc. No. 21) is perfectly clear that rebuttal reports are due today. If you client is not producing rebuttal experts today, we will object and will move to exclude any reports produced outside of the Court's deadline.
>
> Doug
>
>
> Sent from my iPhone
>
>> On May 5, 2016, at 8:20 PM, Hall, Veronica Arechederra (Las Vegas) <Veronica.Hall@jacksonlewis.com> wrote:
>>
>> I am out of the office but Allegiant's discovery requests asked for the entirety of the experts file, which Mr. Pangia stated would be produced with the report. Please promptly produce the entire file so that we may send to Allegiant's rebuttal witnesses. Of course to the extent that full disclosure is delayed, we will request additional time to submit a rebuttal report.
>>
>> Sent from my iPhone. Please excuse any typographical errors.
>>
>> Veronica Arechederra Hall
>>
>> On May 5, 2016, at 4:37 PM, Douglas Desjardins <dpd@pangialaw.com<mailto:dpd@pangialaw.com>> wrote:
>>
>> Dear Veronica,
>>
>> Pursuant to the Court's scheduling Order (Doc. No.21) that requires all expert to be disclosed today, enclosed please find Plaintiff's expert reports. Specifically the initial and revised reports of Dr. Harvey Rosen, together with his testimony list and CV. John Goglia's report together with his testimony and CV, and Roy Liggett's report together with his CV-as he has not testified in the last four year there is no testimony list.
>>
>> Also per you informal request earlier this we are enclosing the letters conveying all of the initial information to the liability experts. As we sent our liability experts the entirety of your client's discovery we are not reproducing that. We have included the non-Allegiant materials as Kinzer 0036 - 0066.
>>
>> If Allegiant will be calling any experts, we expect to receive your client's 26(a)(2) disclosures later today.
>>
>> Please let me know if you have any questions or concerns.
>>
>> Sincerely,
>>
>> Doug
>>

2

\>\> <2016 02 18 Kinzer Economic Loss Report By Burke, Rosen.pdf>
\>\> <CurriculumVitaeRosen 2012.pdf>
\>\> <2016 04 28 Revised Kinzer Loss of Earning Capacity.pdf>
\>\> <TestListHSR_20131112140227.pdf>
\>\> <2016 05 05 Goglia Report.pdf>
\>\> <Goglia Fee and Testimony List.pdf>
\>\> <John Goglia CV 2016.pdf>
\>\> <2016 04 28 MJP to Ligget (intial docs).pdf>
\>\> <2016 05 04 Roy Liggett Expert Opinion.pdf>
\>\> <2016 04 28 MJP to Goglia (intial docs).pdf>
\>\> <2016 04 28 MJP to Ligget (intial docs).pdf> <Kinzer 0036 - 0066 Info
\>\> to Liability Experts.pdf>
\>\>
\>\>
\>\>
\>\> Representing management exclusively in workplace law and related
\>\> litigation
\>\>
\>\>
\>\> Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.
\>