**THE PANGIA LAW GROUP**
Michael J. Pangia (*pro hac vice*)
Joseph L. Andersin (*pro hac vice*)
1717 N St NW, Suite 300
Washington, D.C. 20036
T: (202) 955-6153
F: (202) 393-1725
mpangia@pangialaw.com
janderson@pangialaw.com

**THE URBAN LAW FIRM**
Michael A. Urban, Nevada Bar No. 3875
Sean W. McDonald, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com
***Counsel for Plaintiff, Jason Kinzer***

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON KINZER, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO., a Nevada corporation, <br><br> Defendants. | Case No. 2:15-cv-02306-JAD-PAL <br><br> **RESPONSE TO MOTION TO EXTEND DISCOVERY** |

Now Comes Plaintiff, JASON KINZER, and files his response in opposition to Defendants' Motion to Extend Discovery (ECF No. 40). Defendants offer no valid grounds for a discovery extension in this case. Defendants neither explain what additional discovery they require nor do they proffer any explanation for how they committed excusable neglect in not timely disclosing experts. While Defendants are not entitled to any extension of discovery or expert disclosures, Plaintiff cannot afford any further delay of this trial and will strive to work with Defendants to ensure that no undue delay occurs.

1

Accordingly, counsel for both parties met and conferred in person on May 24, 2016, at the offices of Jackson Lewis, P.C. The Plaintiff had noticed three depositions to be taken before the discovery cut-off date of June 6, 2016. Defendants' counsel expressed difficulty in their schedules to accommodate the dates for those depositions. Recognizing the Court scheduled a hearing for June 28, 2016, on the Defendant's Motion to Extend Discovery, Plaintiff suggested that both parties should work with each other to complete whatever they need in the way of discovery by this date so that both parties can represent to the Court that all discovery issues have been resolved and discovery complete.

In that spirit, the parties agreed that Defendants would make themselves available on dates before June 28, 2016, for the three depositions that were scheduled to have been completed by June 6, 2016. Defendants' counsel represented that they would look over the witnesses' disclosures and decide which depositions they would take before the hearing on the Motion to Extend Discovery Deadlines. Plaintiff will do his utmost to ensure that the depositions proceed. Thus far, Defendants have not provided those names to the Plaintiff. Despite agreeing to extend discovery through the date of the hearing on the instant motion, Defendants indicated they would press for the extension requested in the motion.

Defendants also suggested that the Court-set deadline date of May 5, 2016, for the disclosure of its experts was a mistake of the Court. Plaintiff does not agree with that contention. However, again in recognition that the hearing on the instant motion would not take place until June 28, 2016, Plaintiff agreed to June 20, 2016, as the final date for Defendants to submit their expert (initial or rebuttal) disclosures, subject to the Court's approval in approving such a stipulated extension to the deadlines.

The parties plan to file such a stipulation regarding the above discovery and expert disclosure extensions early next week. The stipulation will not waive Plaintiff's formal opposition to extend discovery and it will not resolve in full Defendants' requested extension to the discovery deadlines. Plaintiff believes discovery could and should have been completed by June 6, 2016, and the Defendants should be awarded no further extensions past the hearing date of June 28, 2016. In support, Plaintiff shows as follows:

I.    FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are simple. On June 8, 2015, Captain Jason Kinzer was piloting Allegiant Air Flight 864 from St. Petersburg, Florida to Hagerstown, Maryland. ECF No. 1 at 12. The information provided to Captain Kinzer and his first officer by the flight attendants was a smell of burning in the passenger cabin and by Fire and Rescue on the ground "there's fire." *Id.* at 24:13. Believing that his passengers were in danger, Captain Kinzer in coordination with his first officer ordered an evacuation of the aircraft in accordance with his regulatory responsibility. Defendants conducted a five week "non-punitive safety debrief to acquire lessons learned" from the incident. Email chain between Jason Kinzer and Jennifer Bartenstein at 3, ALGNT 2648, attached hereto and incorporated as **Exhibit 1**. At the conclusion of the five week investigation Defendants terminated Captain Kinzer on July 23, 2015, accusing Captain Kinzer of failing to "preserve the Company's assets, aircraft, ground equipment, fuel and the personal time of our employees and customers" in making his emergency decision to evacuate. ECF No. 1 at 31. On November 10, 2015, Plaintiff filed suit in state Court—and Defendants timely removed this matter to this Court on December 7, 2015.

This Court entered a Scheduling Order in the case due to the parties' failure to comply with Local Rule 26-1. ECF No. 21 at 1:19. The Scheduling Order explicitly abrogated Local Rule 26-1 (e)(3) and required the parties to simultaneously disclose expert witnesses. Despite being "entirely aware of the deadlines in this case" Allegiant waited until May 12, 2016—a week after its expert deadline had past—to move this court for an extension of the deadline. ECF No. 40 at 18. The deadline in the Court's Scheduling Order specified that Defendants experts must be disclosed by "May 5, 2016." ECF No. 21 at 2:1. Defendants confess that they have not retained experts much less disclosed their identity. ECF No. 40 at 9:19–21. Defendants have not provided any reason for their failure to comply with the Court Ordered expert deadline—despite an apparent awareness of the disclosure requirement.

Defendants have sought extensions at every juncture of this matter. As noted in its Motion, Defendants did not provide their initial disclosures until March 3, 2016. To date, only

1  Defendant Allegiant Air LLC has responded to Plaintiff's discovery.[1] Defendant Allegiant Air,
2  LLC needed an extra two weeks to respond to Plaintiff's initial discovery, and could not conduct
3  depositions in March due to defense counsel's vacation—delaying the start of taking depositions
4  by a month. Email chain between Sean McDonald and Veronica Hall at 2, 4, attached hereto and
5  incorporated by reference as **Exhibit 2**. Plaintiff has promptly responded to all discovery
6  requests. Plaintiff timely served his expert reports and has scheduled all depositions in the case to
7  end by Court imposed discovery deadline of June 6, 2016. Except for the three depositions
8  mentioned, Plaintiff will be ready for trial after June 6, 2016.

9  **II.    LAW AND ARGUMENT**

10         When the Defendants removed this case to Federal Court they must have been aware of
11 the standard discovery deadlines imposed by Local Rule 26(e)(1) establishing 180 days from the
12 Defendant's answer to complete discovery. Despite awareness of LR 26(e)(1) and the
13 simultaneous disclosure of experts in the Scheduling Order (ECF No. 21), the Defendants never
14 requested a special scheduling review as required by LR 26-1(d). Having now missed their
15 expert deadline, Defendants seek to avoid their mistake and retrospectively obtain by stealth a
16 special scheduling when such a request should have been presented months ago.

17         The purpose of a scheduling order is "to establish deadlines to foster the efficient
18 treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060
19 (9th Cir. 2005). A trial court's case management efforts "will be successful only if the deadlines
20 are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines."
21 *Id*. at 1061. A scheduling order is not a frivolous piece of paper, idly entered, which can be
22 cavalierly disregarded by counsel without peril. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d
23 604, 610 (9th Cir. 1992).

24         Defendants extoll the virtues of the new Rule 1 in requesting their discovery extension.
25 Plaintiff also believes Rule 1 is vital to deciding Defendants' motion. Rule 1 requires the Court
26 and the litigants "to secure a just, *speedy*, and inexpensive determination of every action."

---

[1] Defendant Allegiant Travel Company, as part of a meet and confer, recently acknowledged during depositions that it needed to respond to discovery. To date, Plaintiff has not received any discovery responses from Allegiant Travel Company.

Plaintiff has been without a regular job since he was discharged by the Defendants. Because of the nature of the aviation industry, Plaintiff's chances of employment with another air carrier are ruined. Plaintiff cannot afford any delay in this matter. Defendants only needed five weeks to investigate Plaintiff's decision making ability concerning what action to take as pilot in command of a smoking aircraft—Defendants fail to describe with any particularity what new information exists to justify a discovery extension, and what has prevented them from obtaining it. It is inconceivable that Defendants need more information to justify what they did to Captain Kinzer by firing him on July 23, 2016. Plaintiff believes that the only reason Defendants seek an extension is for delay.

### III.   CONCLUSION

Defendants have not provided any reasons—much less excusable neglect—for their failure to timely disclose experts. Defendants also fail to detail the additional discovery they allegedly require in this case. Nevertheless—and in recognition of the fact the Court did not set a hearing on the motion to extend discovery until June 28, 2016—Plaintiff agreed to postpone the three depositions mentioned and Defendants agreed to confer on mutually convenient dates and allow Defendants to disclose their experts by June 20, 2016, subject to Court approval (proposed stipulation will follow). Accordingly, any additional discovery requested past June 28, 2016, the date of the hearing on the Motion to Extend Discovery, should be denied.

Dated: May 27, 2016

**THE PANGIA LAW GROUP**

By:   */s/ Michael J. Pangia*
Michael J. Pangia (*pro hac vice*)
Joseph L. Anderson (*pro hac vice*)
1717 N St NW, Suite 300
Washington, D.C. 20036
T: (202) 955-6153; F: (202) 393-1725
mpangia@pangialaw.com
janderson@pangialaw.com

**THE URBAN LAW FIRM**

By:   */s/ Sean W. McDonald*
Michael A. Urban, Nevada Bar No. 3875
Sean W. McDonald, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087; F: (702) 968-8088

murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com

***Counsel for Plaintiff, Jason Kinzer***

73235

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of May, 2016, I electronically filed the foregoing **RESPONSE TO MOTION TO EXTEND DISCOVERY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michael A Urban    murban@theurbanlawfirm.com, RSchleiker@theurbanlawfirm.com, adenni@theurbanlawfirm.com, kopenbrier@theurbanlawfirm.com, nring@theurbanlawfirm.com, pcotsonis@theurbanlawfirm.com, smcdonald@theurbanlawfirm.com, vhernquist@theurbanlawfirm.com

Veronica Arechederra-Hall    veronica.hall@jacksonlewis.com, LasVegasDocketing@JacksonLewis.com, janine.martin@jacksonlewis.com, karen.michelini@jacksonlewis.com

Michael J Pangia    mpangia@pangialaw.com, adure@pangialaw.com, dpd@pangialaw.com, janderson@pangialaw.com, officeadmin@pangialaw.com

Sean W. McDonald    smcdonald@theurbanlawfirm.com, efiling@theurbanlawfirm.com

and I hereby certify that have mailed by United States Postal Service the document to the following non-CM/ECF participants:

[none]

                                   /s/ Sean W. McDonald
                                   An Employee of The Urban Law Firm

73235