UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jason Kinzer,

    Plaintiff

v.

Allegiant Air, LLC, et al.,

    Defendants

2:15-cv-02306-JAD-PAL

**Order Granting Motion to Remand and Denying Motion to Dismiss as Moot**

[ECF Nos. 6, 9, 40, 43]

    Former Allegiant Air Captain Jason Kinzer sues Allegiant Air, LLC and Allegiant Travel Co. (collectively, "Allegiant") for wrongful discharge, defamation, and intentional infliction of emotional distress, all stemming from his 2015 termination from the airline's employment. Allegiant removed this case from Nevada state court, invoking this court's federal-question and diversity jurisdiction. Kinzer moves to remand, arguing that (1) as a citizen of Nevada, Allegiant cannot remove this case based on diversity of citizenship and (2) this court also lacks federal-question jurisdiction. I agree, grant Kinzer's motion, deny Allegiant's motion to dismiss as moot, and remand this case back to Nevada's Eighth Judicial District Court, Case No. A-15-727524-C.

**Background**

    Kinzer alleges that on June 8, 2015, he was flying a plane from St. Petersburg, Florida, to Hagerstown, Maryland,[1] when, shortly after takeoff, the crew reported smoke or chemical fumes emanating from plane's rear cabin.[2] Kinzer declared an emergency, returned to the St. Petersburg airport, landed the plane, and evacuated the passengers.[3] Shortly after the incident, Allegiant accused Kinzer of not taking into primary account "the Company's assets, ground equipment, fuel and the

---

[1] ECF No. 1-1 at ¶ 16.

[2] *Id.* at ¶¶ 12, 17.

[3] *Id.* at ¶ 18.

personal time of [its] employees and customers" and fired him.[4]

Kinzer alleges state-law claims for wrongful/tortious discharge, defamation, and intentional infliction of emotional distress, and he seeks compensatory and punitive damages in excess of $30,000. Throughout his complaint, Kinzer references federal aviation law. For example, he alleges that Allegiant was obligated to comply with federal aviation regulations (FARs) "to assure that in emergency situations arising during flight that require immediate decision action, that the pilot in command" may take emergency action.[5]

Allegiant filed a notice of removal, invoking this court's diversity and federal-question jurisdiction.[6] Kinzer moves to remand, arguing that Allegiant has not shown that this court has original jurisdiction over his complaint under either theory. Allegiant has since retreated from its diversity argument,[7] and Kinzer is correct that, because Allegiant is a citizen of Nevada, it cannot remove this action from a Nevada state court based on diversity of citizenship.[8] I therefore consider only whether Allegiant has met its burden to show that the exercise of federal-question jurisdiction over Kinzer's complaint is proper.

**Discussion**

**A.   Removal jurisdiction**

"Federal courts are courts of limited jurisdiction."[9] Accordingly, there is a strong presumption against removal jurisdiction, and "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."[10] The defendant always has the burden of

---

[4] *Id.* at ¶ 27.

[5] *Id.* at 12, ¶14.

[6] ECF No. 1 at 2, ¶¶ 3–4.

[7] ECF No. 16. Allegiant does not defend its position that removal was proper based on diversity jurisdiction.

[8] 28 U.S.C. § 1441(b)(2).

[9] *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994).

[10] *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992).

establishing that removal is proper.[11] A defendant may remove any action brought in state court over which the federal district courts have original jurisdiction. "One category of cases over which the district courts have original jurisdiction are 'federal question' cases; that is, those cases 'arising under the Constitution, laws, or treaties of the United States.'"[12]

"The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[13] There are three situations in which a complaint that does not raise a federal claim on its face may give rise to federal-question jurisdiction: (1) when federal law completely preempts a state-law cause of action (complete preemption),[14] (2) when a state-law claim raises a substantial federal question (substantial federal question),[15] and (3) when a plaintiff attempts to avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim (artful pleading).[16] Allegiant argues that all three exceptions to the well-pleaded complaint rule justify removing Kinzer's state-law claims to this court. I address each in turn.

**B.    Allegiant cannot remove this case based on complete preemption.**

"The well-pleaded complaint rule means that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."[17] Complete preemption is an "independent corollary" to the well-pleaded

---

[11] *Id.*

[12] *Metropolitan Life Ins. Co. v. Taylor*, 107 S.Ct. 1542 (1987) (citing 28 U.S.C. §1331).

[13] *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation omitted).

[14] *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183–84 (9th Cir. 2002)

[15] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

[16] *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).

[17] *Retail Property Trust v. United Broth. of Carpenters and Joiners of America*, 768 F.3d 938, 947 (9th Cir. 2014).

complaint rule.[18] Complete preemption is a jurisdictional concept distinct from preemption as an affirmative defense. It arises only in "extraordinary" situations and only when "Congress clearly manifest[s] an intent to convert state[-]law claims into federal-question claims."[19] The United States Supreme Court has identified only three federal statutes that qualify: ERISA, the Labor Management Relations Act, and the National Bank Act.[20] Allegiant urges me to expand that short list to include federal aviation law.[21]

Congress enacted the Federal Aviation Act (FAA) of 1958[22] to create a uniform system of flight rules to promote aviation safety and efficiency.[23] The FAA created the Federal Aviation Administration and gave the Administrator the exclusive authority to enact federal aviation regulations (FARs).[24] Congress amended the FAA through the Airline Deregulation Act (ADA), an economic measure that prohibits states from passing laws and regulations "related to a price, route, or service of an air carrier."[25] Finally, the Whistleblower Protection Program (WPP) creates a federal administrative remedy for airline-employees who claim that they were retaliated against for reporting violations of federal air regulations.[26] Allegiant argues that these federal regulations combine to completely preempt all state-law claims relating to aviation safety, flight routes, and airline

---

[18] *Caterpillar Inc.*, 482 U.S. at 392.

[19] *Wayne*, 294 F.3d at 1183–84.

[20] The three are: (1) §301 of the LMRA, 29 U.S.C. §185; (2) § 502(a) of ERISA, 29 U.S.C. § 1332(a); and (3) §§ 85 and 86 of the National Bank Act, 12 U.S.C. §§ 85, 86. *Retail Property Trust*, 768 F.3d at 947–48, n.5.

[21] ECF No. 16 at 6.

[22] 49 U.S.C. § 40103.

[23] *United States v. Christensen*, 419 F.2d 1401, 1404 (9th Cir. 1969).

[24] 49 U.S.C. §§ 40101–46507.

[25] 49 U.S.C. § 41713.

[26] 49 U.S.C. § 42121.

services.[27]

The cases that Allegiant cites to support its complete-preemption theory are either nonbinding or distinguishable. Allegiant overreads a trio of Ninth Circuit cases: *Montalvo v. Spirit Airlines*,[28] *Martin ex rel. Heckman v. Midwest Export holdings*,[29] and *Ventress v. Japan Airlines*.[30] All of these cases involved defensive field preemption in the dispositive-motion context;[31] none touched on the distinct, jurisdictional concept of complete preemption. Collectively, these cases simply hold that state standards of care may be preempted when a given area is subject to pervasive federal regulations.[32] Indeed, the *Ventress* court expressly cautioned that the FAA does not preempt "all retaliation and constructive termination claims brought under [state] law" and recognized that "the FAA does not confer upon the agency the exclusive power to regulate all employment matters involving airmen."[33]

In short, the Ninth Circuit has never held that all state-law employment claims implicating federal air-safety regulations are completely preempted and thus arise under federal law. I am also unpersuaded by Allegiant's attempt to analogize ERISA to federal aviation law to justify that

---

[27] ECF No. 16 at 6.

[28] *Montalvo v. Spirit Airlines*, 508 F.3d 464, 468 (9th Cir. 2007).

[29] *Martin ex rel. Heckman v. Midwest Exp. Hldgs, Inc.*, 555 F.3d 806 (9th Cir. 2009).

[30] *Ventress v. Japan Airlines*, 747 F.3d 716, 719 (9th Cir. 2014).

[31] *Montalvo*, 508 F.3d at 468 (affirming dismissal of passenger's failure-to-warn claims); *Martin*, 555 F.3d at 812 (reversing dismissal of airline's indemnity claim); *Ventress*, 747 F.3d at 723 (affirming judgment on the pleadings).

[32] *Montalvo*, 508 F.3d at 478 (holding that failure-to-warn claims based on theory that FAA-required warnings are insufficient are preempted); *Martin*, 555 F.3d at 811–812 (holding that FAA did not preempt passenger's state-law claim alleging that airplane stairs were defectively designed because FAA does not pervasively regulate airstairs); *Ventress*, 747 F.3d at 722–23 (holding that FAA's pervasive pilot medical standards preempted wrongful-discharge claims that required determination of a pilot's medical fitness to fly). My narrow reading of *Montalvo* and *Martin* is consistent with the Ninth Circuit's summary of these cases in *Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1006 (9th Cir. 2013).

[33] *Id.* at 722.

expansion. For one thing, the bulk of Allegiant's analysis is predicated on an overly expansive reading of *Montalvo*, *Martin*, and *Ventress*. And most of the comparisons Allegiant attempts to draw between ERISA and federal aviation law pertain to the ADA and the WPP, neither of which is implicated by Kinzer's claims. As explained above, the ADA regulates airline prices, routes, and services, and the WPP provides an administrative remedy for airline-employee whistleblower claims. If Kinzer's claims are completely preempted, it is under the FAA and corresponding FARs. But, as is evident from Allegiant's opposition, the FAA and ERISA share few similarities. Perhaps most importantly, the FAA does not provide an exclusive federal cause of action for wrongful discharge from an airline,[34] and the Act's savings clause expressly preserves state-law claims.[35] Because complete preemption applies only in "extraordinary" situations and only when "Congress clearly manifest[s] an intent to convert state[-]law claims into federal-question claims,"[36] I decline to hold—as urged by Allegiant—that federal aviation law completely preempts Kinzer's state-law claims.

**C.   Kinzer's claims do not necessarily raise a substantial federal question**.

The Supreme Court has identified a "special and small category" of cases in which a state-law claim may give rise to federal-question jurisdiction.[37] In *Grable & Sons Metal Products*, the Supreme Court held that federal-question jurisdiction over a state-law claim exists if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the congressionally approved federal-state balance.[38] Federal-

---

[34] *Beneficial Nat'l Bank*, 539 U.S. 1, 8–9 (2003) (holding that removal is proper based on complete preemption only when Congress intended the federal cause of action to be exclusive).

[35] *Martin*, 555 F.3d at 808; 49 U.S.C. § 40120(c). *See In re NOS Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1058 (9th Cir. 2007) (stating that "[a] savings clause is fundamentally incompatible with complete field preemption.").

[36] *Wayne*, 294 F.3d at 1183–84.

[37] *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 699–701 (2006).

[38] *Grable*, 545 U.S. at 314–14.

question jurisdiction is proper only if all four *Grable* requirements are met.[39] Kinzer's claims fail at the first step.

Though Kinzer appears to allege that Allegiant violated certain FARs and that Allegiant fired him despite his compliance with federal regulations, the issue of whether Allegiant or Kinzer violated FARs is not necessarily raised by Kinzer's complaint because proof of these violations (or compliance) is not a necessary element to any of Kinzer's claims. For example, proving his compliance with federal law may be some evidence that Kinzer's firing was wrongful, but it will not conclusively establish that element of his wrongful-discharge claim.

And even if Kinzer's complaint necessarily raises a federal issue, that federal issue is not substantial. "The substantiality inquiry under *Grable* looks . . . to the importance of the issue to the federal system as a whole."[40] "[P]ure issue[s] of law" are more likely to be substantial because a federal court may settle the issue "once and for all,"[41] whereas "fact-bound and situation specific" inquiries are generally not considered to be substantial.[42] The federal issue potentially raised by Kinzer's complaint involves a case-specific determination of whether Kinzer violated FAA protocol in light of the emergent situation with which he was faced, so the issue is not substantially important to the federal system as a whole. Because none of the federal regulations Allegiant cites is necessary to the resolution of Kinzer's claims, and any federal issues potentially raised are not substantial, Kinzer's claims do not fall within the narrow class of state-law cases that invoke federal-question jurisdiction under *Grable*.

---

[39] *Id.* at 313.

[40] *Gunn v. Minton*, 133 S.Ct. 1059, 1066 (2013).

[41] *Empire*, 547 U.S. at 700.

[42] *Id.* at 700–01.

**D.     Artful pleading**

"Under the artful pleading doctrine, a plaintiff may not defeat removal by [failing] to plead necessary federal questions in a complaint."[43]  "The artful pleading doctrine allows courts to delve beyond the face of the state[-]court complaint and find federal[-]question jurisdiction by recharacterizing a plaintiff's state-law claim as a federal claim."[44]

Allegiant argues that Kinzer's wrongful-discharge claim is artfully pleaded because it is really a WPP whistleblower claim.[45]  As explained above, the WPP creates an administrative remedy for employees whom the airline retaliates against for raising safety concerns.[46]  I am unpersuaded by Allegiant's attempt to shoehorn Kinzer's claims into WPP claims.  Kinzer does not allege that he was retaliated against in response to a protected communication; he alleges that he was retaliated against for his compliance with federal regulations and refusal to follow Allegiant's allegedly violative policies.  Therefore, Kinzer's claim cannot be recharacterized as a WPP claim, and federal-question jurisdiction based on application of the artful-pleading doctrine is also improper.  The result is that this court lacks jurisdiction to hear this case.  Because this case must be remanded back to Nevada state court, I deny all other pending motions without reaching their merits and without prejudice to their refiling in state court.

**Conclusion**

Accordingly, with good cause appearing and no reason to delay, IT IS HEREBY ORDERED that **Kinzer's motion to remand [ECF No. 6] is GRANTED**, **and this case is remanded to Nevada's Eighth Judicial District Court, Case No. A-15-727524-C.**

IT IS FURTHER ORDERED that **Allegiant's motion to dismiss [ECF No. 9] and motion to extend time [ECF No. 40] and the parties' stipulation to extend discovery [ECF No. 43] are**

---

[43] *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003) (internal quotations and citation omitted).

[44] *Id.* (internal quotations and citations omitted).

[45] ECF No. 16 at 21.

[46] 49 U.S.C. § 42121.

1  **DENIED as moot.**

2      The Clerk of Court is directed to CLOSE THIS CASE.

3      Dated this 31st day of May, 2016.

                                                                                         _____
Jennifer A. Dorsey
United States District Judge