**THE PANGIA LAW GROUP**
Michael J. Pangia (*pro hac vice*)
Joseph L. Anderson (*pro hac vice*)
1717 N St NW, Suite 300
Washington, D.C. 20036
T: (202) 955-6153
F: (202) 393-1725
mpangia@pangialaw.com
janderson@pangialaw.com

**THE URBAN LAW FIRM**
Michael A. Urban, Nevada Bar No. 3875
Sean W. McDonald, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com
*Counsel for Plaintiff, Jason Kinzer*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JASON KINZER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO., a Nevada corporation,<br><br>Defendants. | Case No. 2:15-cv-02306-JAD-PAL<br><br>**MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. § 1447(c)** |

Plaintiff moves for an award of costs, including attorney's fees, arising out of the successful remand of this action to state court. This motion is made under 28 U.S.C. § 1447(c) and Local Rule 54-14 and is supported by the accompanying declarations of counsel, the contemporaneously filed Bill of Costs, and the papers and pleadings on file. In this motion, Plaintiff seeks an award of costs and attorney's fees because of the improvident removal of this action from the Nevada state court, the Eighth Judicial District Court in Clark County, to this Court. As there was no objectively reasonable basis for the removal, attorneys' fees and costs should be awarded.

1

I.     PROCEDURAL BACKGROUND

On November 13, 2015, Plaintiff, Captain Jason Kinzer, a citizen of the State of Florida, initiated a lawsuit against Defendants Allegiant Air, LLC and Allegiant Travel Co. (collectively "Allegiant"), both citizens of Nevada, in the state district court for Clark County, Nevada. ECF No. 1 at 9. Plaintiff's complaint asserted solely state law claims of wrongful and tortious termination of employment, defamation, intentional infliction of emotional distress, and sought punitive damages. *Id.* at 9–18. On December 7, 2015, Defendants removed this case to the United States District Court for the District of Nevada, purporting both diversity and federal question jurisdiction. *Id.* at 1–3. Both justifications for removal were without objectively reasonable foundations.

In granting the Plaintiff's motion to remand (Motion to Remand, ECF No. 6), this Court recognized that "because Allegiant is a citizen of Nevada, it cannot remove this action from a Nevada state court based on diversity of citizenship." Order Granting Motion to Remand, ECF No. 44, at 2:11–12 (citing 28 U.S.C. § 1441(b)(2)). The fact that even Allegiant abandoned this avenue supporting removal shows that it clearly lacked an objectively reasonable basis.

As an alternative to diversity jurisdiction, Allegiant claimed federal question jurisdiction as a basis for removal. ECF No. 1 at 2, ¶ 3 (claiming that "Plaintiff's Complaint presents substantial questions of federal law, thereby invoking the Court's original jurisdiction over actions presenting federal questions."). The face of Plaintiff's complaint was devoid of any federal causes of action. *Id.* at 6–18. Plaintiff specifically asserted only state law causes of action for wrongful discharge, defamation, and intentional infliction of emotional distress. *Id*. at 15–17. The Defendants attempted to contort Plaintiff's complaint into a federal question without support in fact or law. As this Court noted in rejecting the Defendants' complete preemption claims, "the Ninth Circuit has never held that all state-law employment claims implicating federal air-safety regulations are completely preempted and thus arise under federal law." ECF No. 44 at 5:12–13. Further Plaintiff's complaint did not raise a substantial federal question. As this Court noted, "Kinzer's claims fail at the first step" of the *Grable*[1] test. *Id.* at 7:1–2. Defendants acted in an

---
[1] *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

1  objectively unreasonable manner in attempting to remove this case when the complaint failed to
2  meet even the first part of a four part test for a substantial federal question. Finally there was
3  simply no artful pleading to avoid federal jurisdiction as this Court has recognized. *Id.* at 8:1–16.
4  The day after the Defendants removed this action, Plaintiff pointed out to the Defendants that
5  there was "no legal basis for this removal and no case law that would support it in any way."
6  Pangia email to Hall and Anderson of December 8, 2015, attached hereto and incorporated by
7  reference as Exhibit 1.
8       Despite being on notice of the improvident removal, the Defendants continued to litigate
9  this case for over six months, wasting time, effort, and judicial resources. Defendants have yet to
10 accept Plaintiff's offer to stipulate that the discovery conducted in this matter can be used in the
11 state court action. Pangia email to Hall of June 9, 2016, attached hereto and incorporated by
12 reference as Exhibit 2.

**II.  LAW AND ARGUMENT**

    **A.  This Court continues to have jurisdiction to decide a fees motion after remand.**

16      District courts retain jurisdiction over the parties for purposes of a fee award continuing
17 after remand. *Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 448 (9th Cir. 1992); *Bryant*
18 *v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005) (holding that "a district court has jurisdiction to resolve
19 a motion for fees and costs under § 1447(c) after a remand order has issued"); *Wisconsin v.*
20 *Hotline Indus., Inc.*, 236 F.3d 363, 365–68 (7th Cir. 2000) (holding that a district court retains
21 jurisdiction to consider collateral matters after remand, and attorney's fees may be awarded
22 under a separate order, even when remand is based on the defendant's voluntary stipulation);
23 *Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 255–57 (6th Cir. 1997)
24 (holding that a district court may make an award of attorney's fees and costs in a separate order
25 after issuing a remand order); *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996)
26 (holding that district courts have broad discretion in fee awards under 28 U.S.C. § 1447(c)).

### B. An award under § 1447(c) is warranted because there was no objectively reasonable basis for removal.

Federal law authorizes the district court to award fees for improvident removal of an action. 28 U.S.C. § 1447(c). Specifically the statute states, "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id*. The Supreme Court has stated that an award for attorney's fees and costs under the statute is appropriate "where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005). The district court is given wide discretion on the award of attorney's fees for improvident removal—but that discretion is not without limits. *Id*. at 139 (noting that "The fact that an award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales, does not mean that no legal standard governs that discretion.").

Additionally, an award of fees is not precluded under 28 U.S.C. § 1447(c) because the party seeking fees has not actually incurred an obligation to pay fees, such as a contingent fee plaintiff. *Gotro v. R & B Realty Group*, 69 F.34 1485, 1487–88 (9th Cir. 1995) (holding § 1447(c) "[does] not limit the district court's discretion to award attorneys' fees to a contingency fee litigant); *Albion Pac. Prop. Res., LLC v. Seligman*, 329 F. Supp. 2d 1163 (N.D. Cal. 2004) (following *Gotro* in awarding fees under § 1447(c) to a contingent fee litigant).

An award of attorney's fees is justified in this matter since there was no "objectively reasonable basis" for removal. The case could not be removed as a diversity action under 28 U.S.C. § 1332 because the Defendants were citizens of the State of Nevada, where the action was originally filed. In addition the Plaintiff's complaint lacked any federal question on the face of the complaint. Plaintiff's complaint only pleaded state causes of action. The extreme efforts the Defendants went to in order to shoehorn Plaintiff's complaint into a federal question show how objectively unreasonable the Defendants' position was. Finally, the Defendants continue to be objectively unreasonable in refusing to stipulate to the use of the discovery conducted in this action for the continuation of the state court case. The unnecessary delay imposed by the Defendants due to the improvident removal and extensive discovery they will not permit the Plaintiff to use has been especially harsh on the Plaintiff. While the Defendants continue to

4

operate a highly profitable airline, the Plaintiff has been unable to find work in the aviation field since being terminated by the Defendants.

### C. The fees and costs requested are reasonable under the lodestar.

The Ninth Circuit utilizes the "lodestar" approach for assessing reasonable attorney's fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The Ninth Circuit has approved the use of the lodestar method to calculate the award associated with improper removal. *John B. Schlaerth MD v. Spirtos*, 308 Fed. App'x 196, 198 (9th Cir. 2009); *see also Albion Pacific Property Resources, LLC v. Seligman*, 329 F. Supp. 2d 1163, 1166 (N.D. Cal. 2004). The use of the lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988).

In determining a reasonable fee, the Court takes into account the factors set forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975) and LR 54-14: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client and (12) awards in similar cases (hereinafter referred to as the "*Kerr* factors"). *McGrath v. Cty. of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The *Kerr* factors are addressed in the declarations of counsel accompanying this motion.

As to what rate is reasonable under the loadstar, the District of Nevada within the past year has found a reasonable hourly rate for partner time to be as much as $450 and for an experienced associate to be $250. *See Perrigo v. Premium Asset Servs.*, No. 2:14-cv-0152-GMN-PAL, 2015 U.S. Dist. LEXIS 99038 (D. Nev. June 8, 2015) (collecting cases and determining the reasonable market rate for attorney services); *Crusher Designs, LLC v. Atlas Copco Powercrusher GmbH*, No. 2:14-cv-01267-GMN-NJK, 2015 U.S. Dist. LEXIS 142394, *2 (D.

1 Nev. Oct. 20, 2015) (report and recommendation adopted by Navarro, C.J.). The rates requested
2 here range from $225 to $400 for attorney time. Thus, the rates requested are well within the
3 reasonable hourly rate for this forum.
4      Plaintiff claims a total of 42.1 hours of work related to the improvident removal from
5 state court. The fees claimed are also only those fees for work directly attributable to the
6 improvident removal from state court. As a consequence of the removal, research and briefing
7 was necessary on the motion to remand. Additionally, expenses were incurred directly as a result
8 of the improvident removal. Specifically, the removal necessitated the admission *pro hac vice* of
9 Plaintiff's counsel in federal court, a wasteful effort and expense which will now have to be
10 repeated in state court because of the improvident removal. This resulted in $500 of costs that
11 would not have been incurred had Defendants not improperly removed this case to federal court.
12 Additionally, because lead counsel are out-of-state counsel, association with competent local
13 counsel was necessary under court and ethical rules, necessitating that local counsel remain
14 apprised and directly involved in the development and prosecution of the case. Local counsel
15 also provided valuable services in assisting with the research, drafting, and review of the briefing
16 on the remand motion.

### III.    CONCLUSION

18      For the forgoing reasons, this court should award the Plaintiff fees and costs under 28
19 U.S.C. § 1447(c) in the amount of $12,602.50 because of the objectively unreasonable remand.

20 Dated: June 15, 2016                    **THE PANGIA LAW GROUP**

By:     */s/ Michael J. Pangia*
Michael J. Pangia (*pro hac vice*)
Joseph L. Anderson (*pro hac vice*)
1717 N St NW, Suite 300
Washington, D.C. 20036
T: (202) 955-6153; F: (202) 393-1725
mpangia@pangialaw.com
janderson@pangialaw.com

26 / / /
27 / / /
28 / / /

6

         **THE URBAN LAW FIRM**

By:   */s/ Sean W. McDonald*
    Michael A. Urban, Nevada Bar No. 3875
    Sean W. McDonald, Nevada Bar No. 12817
    4270 S. Decatur Blvd., Suite A-9
    Las Vegas, Nevada 89103
    T: (702) 968-8087; F: (702) 968-8088
    murban@theurbanlawfirm.com
    smcdonald@theurbanlawfirm.com

***Counsel for Plaintiff, Jason Kinzer***

74404

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of June, 2016, I electronically filed the foregoing **MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. § 1447(c)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>   Michael A Urban murban@theurbanlawfirm.com, RSchleiker@theurbanlawfirm.com, adenni@theurbanlawfirm.com, kopenbrier@theurbanlawfirm.com, nring@theurbanlawfirm.com, pcotsonis@theurbanlawfirm.com, smcdonald@theurbanlawfirm.com, vhernquist@theurbanlawfirm.com
>
>   Veronica Arechederra-Hall veronica.hall@jacksonlewis.com, LasVegasDocketing@JacksonLewis.com, janine.martin@jacksonlewis.com, karen.michelini@jacksonlewis.com
>
>   Michael J Pangia mpangia@pangialaw.com, adure@pangialaw.com, dpd@pangialaw.com, janderson@pangialaw.com, officeadmin@pangialaw.com
>
>   Sean W. McDonald smcdonald@theurbanlawfirm.com, efiling@theurbanlawfirm.com

and I hereby certify that have mailed by United States Postal Service the document to the following non-CM/ECF participants:

>   [none]

*/s/ Krista Taylor-Openbrier*
An Employee of The Urban Law Firm

74404

8