**THE PANGIA LAW GROUP**
Michael J. Pangia (*pro hac vice*)
Joseph L. Anderson (*pro hac vice*)
1717 N St NW, Suite 300
Washington, D.C. 20036
T: (202) 955-6153
F: (202) 393-1725
mpangia@pangialaw.com
janderson@pangialaw.com

**THE URBAN LAW FIRM**
Michael A. Urban, Nevada Bar No. 3875
Sean W. McDonald, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com
*Counsel for Plaintiff, Jason Kinzer*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON KINZER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO., a Nevada corporation,<br><br>Defendants. | Case No. 2:15-cv-02306-JAD-PAL<br><br>**DECLARATION OF MICHAEL A. URBAN IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. § 1447(c)** |

I, Michael A. Urban, declare:

1. My firm represents the Plaintiff as local counsel in this matter. I am the founder and a shareholder of The Urban Law Firm. This declaration is made in support of Plaintiff's Motion for Fees and Costs under 28 U.S.C. § 1447(c). This declaration is based upon my personal knowledge or, where based on information and belief, I believe those matters to be true.

2. Attorneys and other personnel (paralegals, law clerks) with The Urban Law Firm keep daily records of the time they work on each case, regardless of whether the matter is fixed fee, hourly, or contingent. The work entries are made for each tenth-hour (six minutes) of the

1

1  workday. The information is manually entered into a computer program and printed out on
2  separate sheets for each case handled by the law firm. These printouts provide a summary of all
3  work performed by the attorneys and staff in our office for each case. These summaries are used
4  for client billing purposes, or, where a matter is on a fixed or contingent fee, for the purpose of
5  documenting and justifying the work performed should there exist grounds for recovery of
6  attorney's fees or costs related to a matter, regardless of the billing nature of the representation. I
7  have reviewed the daily time records and summaries prepared for work performed by our office
8  in connection with this case and warrant that all amounts expended are reasonable in this case.
9          3.      The following paragraphs are devoted to providing responses to the guidelines set
10  forth in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), and Local Rule 54-14.
11              a.      <u>Amount Involved and Results Obtained</u>.—A remand order was entered,
12          meaning Plaintiff was entirely successful on his efforts to seek a remand to state court.
13              b.      <u>Time and Labor Required</u>.—The time and labor required for the
14          prosecution of this action has been substantial. My firm was retained to act as local
15          counsel for out-of-state counsel in this matter, which was originally filed in state court.
16          Because Plaintiff is seeking an award of costs, including attorney's fees, incurred as a
17          result of an improvident removal of the case from state court to federal court, my
18          declaration is limited to justifying only those fees and costs as incurred by my firm.
19              This action was removed to federal court by the Defendants based on the dubious
20          proposition that Plaintiff's state law claims were entirely preempted under federal
21          aviation law and also on the basis of diversity jurisdiction. The Court flatly rejected all
22          grounds for removal to federal court in its remand order, ECF No. 44. Our retention as
23          local counsel required attorneys assigned to matter to familiarize themselves with an
24          unfamiliar area of law, namely federal aviation law. However, lead counsel and his firm
25          have significant experience in the aviation field as his practice focuses almost exclusively
26          on the aviation industry. My firm has acted as local counsel to several other litigants in
27          the past several years.
28

All fees are substantiated by our firm's computer generated reports. This case often required hours of meticulous work by our attorneys and paralegals. The fees generated by this firm on this case are certainly reasonable and any firm without this firm's experience in such cases would have taken much longer to compile and analyze the information. Separate billing of costs and attorney services costs is, based on my experience, the prevailing practice in the community. Attached as **Exhibit 1** is a summary of the billing records claimed with respect to this motion for attorney's fees and costs. The billing records are sourced from the firm's computer generated reports and have been limited to only include time relevant to the remand motion and matters connected therewith. Where matters were not related to the removal from federal court but were accounted for together with matters related to the remand, such as if a conference related to multiple topics, I have adjusted the billing entry to fairly estimate or approximate for the time that is not claimed or properly recoverable in the present request for fees. Time entries that are not recoverable under 28 U.S.C. 1447(c) have not been included in the summary presented with my declaration.

  c. <u>Novelty and Difficulty of Questions Presented</u>.—The Defendants' remand motion required significant analysis of the interrelationship of several federal statutes, and the caselaw thereon, governing federal preemption in the aviation industry. Although remand procedure is fairly straightforward, the intertwined issues as presented in the Defendants' removal petition and subsequent briefing required careful and detailed analysis.

  d. <u>Skill Required to Perform the Legal Service Properly</u>.—Representation of litigants in federal court in cases such as this one requires professional capability in federal litigation as well as substantive understanding of principles of preemption under federal law.

  e. <u>Preclusion of other Employment</u>.—From the removal to federal court to the remand to state court, lawyers and staff with The Urban Law Firm have devoted numerous hours to the case. With respect to the removal in particular, the time spent

1  addressing the improvident removal was time that could have been devoted to other cases
2  and clients had this matter not been pursued.
3       f.    <u>The Customary Fee</u>.—Although this is a contingent fee case for Plaintiff,
4  had it not been, the Plaintiff would have been charged this firm's customary hourly rates.
5  In this matter, Partner time would be billed at $350 per hour. Associates with this office
6  bill at an hourly rate between $200 and $275 per hour, depending on experience, and all
7  of the paralegals with this office bill at the hourly rate of $100. No law clerks were
8  staffed on this case.
9       g.    <u>Fixed or Contingent Fee</u>.—The fees charged to the Plaintiff in this case
10  are contingent fees. However, based upon my review of Ninth Circuit caselaw, I believe
11  the fact that this is a contingent fee case does not preclude an award of fees upon a
12  remand to state court under 28 U.S.C. § 1447(c).
13       h.    <u>Time Limitations Imposed by Client or Circumstances</u>.—Removal
14  procedure to federal court is well understood and imposes strict timelines. Additionally,
15  Defendants removed this matter to federal court on December 7, 2015, which of necessity
16  meant deadlines associated with litigating a remand motion to state court fell around the
17  Christmas and New Year's holidays. These circumstances required attention at or around
18  the holidays or during normally scheduled vacation periods.
19       i.    <u>Experience, Reputation, and Ability of Attorneys</u>.—My firm has
20  substantial experience and expertise in handling labor and employment law matters. I was
21  admitted to practice law in the State of California in December 1980, in the State of
22  Nevada in 1989 and in the State of Washington in 1990. I have been employed as a trial
23  attorney at all times since December 1980 and have primarily focused my practice on
24  labor and employment law matters. In January 1988, I became a partner with Jett &
25  Laquer. I have practiced primarily in the areas labor and employment law. I have
26  appeared in both state and federal courts, trial and appellate. I believe a reasonable hourly
27  rate for my time is $350, based upon my knowledge of the market rate for attorney
28  services in Las Vegas.

4

Sean W. McDonald has been employed continuously at this firm as an associate attorney since his admission to the practice of law in Nevada in October 2012. Additionally, Mr. McDonald was admitted to the practice of law in the State of Washington in January 2015. Mr. McDonald has practiced primarily in the areas of labor and employment law. He has appeared in both state and federal courts. I believe a reasonable hourly rate for Mr. McDonald's time for this matter to be $225 per hour.

Krista Taylor-Openbrier has been employed continuously at this firm as a paralegal since September 2010. She holds a paralegal certificate from Paralegal Studies Program, University of Nevada, Las Vegas. I believe a reasonable hourly rate for her time is $100 per hour.

j.     Undesirability of the Case.—This case would not be considered undesirable.

k.     Length of Professional Relationships with Client.—The Urban Law Firm has represented the Plaintiff continuously as local counsel since approximately October 2015.

l.     Awards in Similar Cases.—I have conducted a review of recent caselaw in the District of Nevada where the Court made rate determinations under the loadstar as to the prevailing market rate for attorney services in this district. Based upon that review, the District of Nevada has within the past year found to be reasonable hourly rates of between $275 and up to $450 for a partner and between $200 and $275 for an associate. Based upon my knowledge of the market attorney services in Las Vegas, I believe my firm's rates are well within the range of fees charged by practitioners in this forum. My firm has regularly received fee awards well within the range described above.

4.     This firm claims a total of 16 hours on matters related to the improvident removal from state court. Based upon my review of the time claimed, 0.2 hours should not be claimed because it did not relate to the remand motion. Thus, this firm claims 15.8 hours of recoverable work, allocated as follows:

MAU   1.9 hours X $300 per hour =           $570.00

5

1                        SWM   13.4 hours X $250 per hour =        $3,350.00

2                        KTO   0.5 hours at $100 per hour =         $50.00

3                        TOTAL CLAIMED   (15.8 hours)          $3,970.00

4       5.       The Plaintiff is also seeking recovery of the costs paid for the admission *pro hac*

5 *vice* of Michael J. Pangia and Joseph L. Anderson in federal court. Although their admission *pro*

6 *hac vice* would have been necessary regardless of whether this case remained in federal or state

7 court, because the Defendants' removal was improvident and, I believe, not objectively

8 reasonable, the costs paid for admission *pro hac vice* in federal court necessarily are duplicative

9 and should be recoverable under 28 U.S.C. § 1447(c) as an actual expense "incurred as a result

10 of the removal." The Court's fee for each *pro hac vice* application is $250, and those expenses

11 are documented in the Bill of Costs being contemporaneously filed with the Motion for Fees and

12 this declaration.

13       6.       The Defendants are corporate entities and none of them are minors, incompetent

14 persons, or in the military service, or otherwise exempted under the Servicemembers' Civil

15 Relief Act, 50 U.S.C. App. § 501 *et seq*.

16       I declare under penalty of perjury of the laws of the United States and the State of

17 Nevada that the foregoing is true and correct. Executed this 15th day of June, 2016, at Las

18 Vegas, Nevada.

19

20                                                 */s/ Michael A. Urban*
                                                Michael A. Urban

21

22

23 74486

24

25

26

27

28

# EXHIBIT 1—Billings

# EXHIBIT 1—Billings

| Date | Biller | Time | Adjust | Description |
|---|---|---|---|---|
| 12/7/2015 | SWM | T | 0.3 | Read notice of removal to federal court. Email to Mike Pangia re same. |
| 12/7/2015 | MAU | T | 0.4 | Review notice of removal pleadings to Federal Court; Conference with SWM. |
| 12/8/2015 | SWM | T | 0.1 | Email from Mike Pangia re notice of removal and damages expert. |
| 12/8/2015 | SWM | T | 0.1 | Telephone call from Mike Pangia re motion for remand and fee agreement. |
| 12/8/2015 | MAU | T | 0.3 | Conference with SWM re response to removal by Allegiant; Review email from co-counsel to opposing counsel. |
| 12/8/2015 | SWM | T | 0.1 | Email from MAU re motion to remand; reply. |
| 12/9/2015 | SWM | T | 0.1 | Email from Mike Pangia re motion for remand; reply. |
| 12/10/2015 | SWM | T | 0.2 | Emails from Mike Pangia and Doug Desjardins re motion to remand. |
| 12/11/2015 | SWM | T | 3.1 | Read and edit motion to remand; read caselaw cited in motion to remand. |
| 12/11/2015 | SWM | T | 0.1 | Email to Mike Pangia et al. re motion to remand. |
| 12/11/2015 | SWM | T | 0.1 | Email from Steven Anderson re stipulation on answer deadline; review stipulation; reply to Steven Anderson re same. |
| 12/11/2015 | SWM | T | 0.7 | Further edits to motion to remand. |
| 12/11/2015 | SWM | T | 0.1 | Conference with MAU re motion to remand. |
| 12/11/2015 | SWM | T | 0.1 | Email to Steven Anderson re stipulation on answer deadline. Email to Mike Pangia re same. |
| 12/11/2015 | SWM | T | 0.2 | Email from Veronica Arechedarra Hall re basis of removal to federal court; email to MAU re same. |
| 12/11/2015 | MAU | T | 0.3 | Telephone call from opposing counsel re Answer to complaint and extension for Motion for Removal; Memo to SWM. |
| 12/11/2015 | SWM | T | 1.3 | Cite-check motion to remand. |
| 12/14/2015 | KTO | T | 0.2 | Draft, finalize and file Certificate of Interested Parties with USDC online via ECF. |
| 12/14/2015 | SWM | T | 0.1 | Review and sign certificate of interested parties. |
| 12/14/2015 | MAU | T | 0.2 | Review motion for remand and email from opposing counsel. |
| 12/17/2015 | KTO | T | 0.1 | Conference with SWM re status of pro hac applications. |
| 12/17/2015 | SWM | T | 0.1 | Email from KTO re follow up on pro hac vice application for Mike Pangia. |
| 12/18/2015 | SWM | T | 0.1 | Email from Doug Desjardins re motion to remand to state court and Allegiant's motion to dismiss. |

| Date | Biller | Time | | Adjust | Description |
|---|---|---|---|---|---|
| 1/4/2016 | SWM | T | 0.3 | 0.2 | Telephone call from Mike Pangia re reply to response to motion to remand and response to motion to dismiss. |
| 1/4/2016 | MAU | T | 0.5 | | Review Opposition to Motion for Remand; Conference with SWM. |
| 1/6/2016 | SWM | T | 0.3 | | Email from Steve Anderson re joint status report on removed case. Review joint status report. Reply to Steve Anderson. |
| 1/7/2016 | SWM | T | 2.5 | | Read and analyze Defendants' response to motion to remand. |
| 1/7/2016 | SWM | T | 3.4 | | Read caselaw cited in response to motion to remand. |
| 1/8/2016 | SWM | T | 0.1 | | Email from Doug Desjardins re reply to response to remand motion. |
| 1/11/2016 | SWM | T | 0.1 | | Email to Mike Pangia et al. re reply to response to motion to remand. |
| 1/11/2016 | MAU | T | 0.2 | | Review reply on motion to remand; Conference with SWM. |
| 1/13/2016 | KTO | T | 0.2 | | Review Mike Pangia's Federal Court Pro Hac Vice application; Conference with MAU and SWM re missing information needed from Mike Pangia, co-counsel, to complete application. |

|  |  |
|---|---|
| Total Actual Time | 16 |
| Less Adjustments | 0.2 |
| **Total Hours Claimed** | **15.8** |

Recapitulation by Timekeeper

| | |
|---|---|
| MAU | 1.9 |
| SWM | 13.40 |
| KTO | 0.5 |
| | 15.8 |