UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| JASON KINZER,<br>      Plaintiff,<br><br>v.<br><br>ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO., a Nevada corporation,<br><br>      Defendants. | Case No. 2:15-cv-02306-JAD-PAL<br><br>DECLARATION OF MICHAEL J PANGIA IN SUPPORT OF PLAINTIFF FOR AWARD OF ATTORNEYS' FEES |

I, Michael J. Pangia, declare and say:

1. I am an attorney duly licensed to practice in the District of Columbia, States of New York and North Carolina. I am admitted *pro hac vice* in this court, engaging the Urban Law Firm, 4270 S. Decatur Boulevard, Suite A-9, Las Vegas, NV 89103 as local counsel in this action. I make this declaration in support of Plaintiff's Motion for Attorney's Fees and Costs under 28 U.S.C. 1447(c).

2. This case was originally filed in the Eighth Judicial District Court, Clark County, Nevada, on November 10, 2015. The defendants filed and served a Notice of Removal to this court on December 7, 2015. The plaintiff filed a Motion to Remand on December 11, 2015. On January 25, 2016, the parties attended an Early Neutral Evaluation which was unsuccessful due, in part, to the pending motions for remand and defendants' motion to dismiss.

3. On February 4, 2016, this court issued a scheduling order that called for, among other things, an exchange of expert witness reports by May 5, 2016, and for

1

      discovery to be completed by June 6, 2016. Extensive discovery was conducted by both sides. Plaintiff submitted expert reports by May 5, 2016, and scheduled completion of discovery by June 6 as called for in the Scheduling Order. Defendants did not submit expert reports.

4. On May 12, 2016, defendants moved this court to Extend Discovery for an additional 120 days. On May 27, 2016, plaintiff filed a response suggesting that defendants, according to agreement, be given until June 20, 2016 to submit expert reports and agreed that defendants would have until June 28, 2016, the date that was set by this court for an oral hearing on the defendants' motion to extend discovery deadline, to conduct whatever further discovery they would need, subject to approval by this court. However, on June 1, 2016, this court granted the remand. Plaintiff has been unable to obtain from defendants the names of people they wish to depose and will not commit to providing expert reports by June 20, 2016, as originally promised.

5. The plaintiff has proposed that discovery conducted in this case be utilized in the state court case, but defendants have not yet agreed. The plaintiff is hopeful that the state court will adopt the discovery conducted in the federal court and therefore seeks reasonable attorneys' fees for only the time spent on the motion for remand on the grounds that the removal was improvidently made.

6. The following paragraphs are devoted to providing responses to the guidelines set forth in *Kerr v Screen Extras Guild, Inc. 526 F. 2d 67, 70 (9th Cir. 1975)* and pursuant to Local Rule 54-14:

    a) The results obtained and the amount involved:

    The court granted the plaintiff's motion for a remand, order dated May 31, 2016. The amount of time involved was substantial, and the breakdown of the hours is specified below.

b) Novelty and Difficulty of Questions Presented:

    The removal of this case was predicated on defendants' contentions that the Airline Deregulation Act (49 U.S.C. §§ 41713.) preempted state law claims of wrongful termination and the notion that since Federal Aviation Regulations 14 C.F.R. §§ 1.1 et.seq. were cited, the matter was exclusively within the jurisdiction of the federal courts. The defendants further moved for a dismissal for, among other reasons, the expiration of limitation period for ADA claims and that plaintiff should be without a remedy.

c) Skill Required to Perform the Legal Service Properly:

    Representation in aviation related cases requires professional capabilities in federal litigation as well as a substantive understanding of the principles of the ADA, federal preemption generally, and the role of federal regulations in state court actions. I have devoted a large portion of my practice to these issues as well as representing airmen in administrative proceedings before the Federal Aviation Administration and the National Transportation Safety Board. My credentials and that of my associate are further specified below.

d) Preclusion of Other Employment:

      The defendants procured a removal on December 7, 2015. As stated above, this court issued a scheduling order to which plaintiff complied, including attendance at an Early Neutral Evaluation which had resulted in no offer from defendants for reason we understand to be because of the pending motion for remand and defendants' integral motion to dismiss. The plaintiff requested defendants to reconsider the removal to which defendants did not respond. See Exhibit 1 attached to the Motion for Fees. The time spent could have been devoted to other cases and clients had this issue not be raised by defendants.

e) The Customary Fee:

      The fee agreement with the plaintiff is on a contingent fee basis with cost and fees to be collected if the case has a successful result by way of a verdict or settlement. The reasonable hourly fees for Washington, D.C. lawyers appears to be somewhat higher than in the State of Nevada; however, the request herein is in accord with customary fees for Nevada. In that regard, the undersigned reviewed fees in the State of Nevada, specifically the case of *Perrigo v Premium Assets Services, 2015 U.S. Dist. LEXIS 99038* (June 8, 2015), and determined that a fee of $450 an hour for a seasoned attorney and $250 for an associate is appropriate. The fee charged for myself in this matter is $400/hour and $225/hour for my associate, which I believe is fair and reasonable. Credentials are set out below.

f) The experience, reputation and ability of the attorneys involved:

>This case involves a firing of a captain of a large passenger carrying aircraft because he evacuated the aircraft due to the presence in the passenger cabin of something burning and potential fire. I am an Airline Transportation Pilot, a licensed aircraft mechanic and former Chief Trial Lawyer for the Federal Aviation Administration and head of the Aviation Unit of the U.S. Department of Justice where I was awarded the John Marshall Award for Outstanding Development in Aviation Law. I have been practicing since 1967 and a large portion of my practice is concentrated in aviation matters.
>
>My partner, Joseph L Anderson, is a skilled trial lawyer, a pilot as well, and has represented clients in aviation matters for the past 15 years. He conducted numerous depositions in this case.
>
>My associate, Amanda Dure, has been employed by my office as a law clerk while in law school, and now full time since her graduation in May of 2013. She was admitted to the Bar of the Commonwealth of Virginia and has gained trial experience and developing expertise in several litigation areas, including aviation matters.

7. The time and costs spent in this case in dealing with the removal and remand is as follows:

For Michael J Pangia:

| Date | Description of task | Hours |
|---|---|---|
| 12/09/2015 | Review of cases dealing with removal and remand and draft of an outline for remand motion | 1.5 |
| 12/10/2015 | Review and revisions of motion to remand | .5 |
| 01/06/2016 | Review of defendants' 22-page opposition and | .5 |

| Date | Description of task | Hours |
|---|---|---|
| | discussion with associate for draft of reply | |
| 01/07/2016 | Review of draft of reply to defendants' response to plaintiff's motion for remand | .3 |
| 02/18/2016 | Preparation for application for admission *pro hac vice* and procurement of notary on 02/19/2016 | 1.5 |
| 06/13-15/2016 | Preparation and filing of brief and declaration for fees relating to removal and remand | 4.5 |
| | Total hours for Michael J Pangia | 8.3 |

8.3 hours x $400 = $3,320

For Joseph L Anderson:

| Date | Description of task | Hours |
|---|---|---|
| 04/05/2016 | Preparation for application for admission *pro hac vice* | 1.5 |
| | Total hours for Joseph L Anderson | 1.5 |

1.5 hours x $400 = $600

For Amanda C Dure:

| Date | Description of task | Hours |
|---|---|---|
| 12/07/2015 | Research on motions to remand, federal jurisdiction and ADA | 5 |
| 12/08/2015 | Draft of motion for remand | 3 |
| 12/10/2015 | Draft of final motion after review and corrections | 2.5 |
| 01/07/2016 | Review of defendants' 22-page reply and research of cases | 3.5 |
| 01/08/2016 | Draft of reply and filing | 2.5 |
| | Total hours for Amanda C Dure | 16.5 |

16.5 hours x $225 = $3,712.50

| Date | Description | Amount |
|---|---|---|
| 2/24/2016 | Federal Court fees charged for admission for Michael J Pangia | 250 |
| 04/28/2016 | Federal Court fees charged for admission for Joseph L Anderson | 250 |
| | Total court fees paid | 500 |

Summary of Costs and Fees

| Description | Amount |
|---|---|
| Total cost for Michael J Pangia | 3,320.00 |
| Total cost for Joseph L Anderson | 600.00 |
| Total cost for Amanda C Dure | 3,712.50 |
| Total Federal pro hac vice court fees | 500.00 |
| Grand-total cost | $8,132.50 |

6

The costs for pro hac vice fees are documented in a Bill of Costs, which is being contemporaneously filed with the Motion for Fees and Costs and this declaration. I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct and that this Declaration was entered on June 15, 2016.

                                        THE PANGIA LAW GROUP

                                        _____
                                        Michael J. Pangia (pro hac vice)
                                        1717 N Street, NW
                                        Washington, DC 20036
                                        T: (202) 955-6153; F: (202) 393-1725

                                        *Co-counsel for Plaintiff, Jason Kinzer*