# EXHIBIT 2—6/9/2016 Email

# EXHIBIT 2—6/9/2016 Email

**Subject:** RE: Kinzer v. Allegiant - Depo Schedule
**Date:** Thursday, June 9, 2016 at 12:17:26 PM Eastern Daylight Time
**From:** Mike Pangia
**To:** Hall, Veronica Arechederra (Las Vegas)
**CC:** smcdonald@theurbanlawfirm.com, Sliker, Joshua A. (Las Vegas), Dullea, Erik M. (Denver), Douglas Desjardins, Joseph Anderson

Veronica

Regarding your last email please be assured that we did consult with our local counsel, and he is in agreement that we should try and work out a schedule now so that when we appear before the discovery commissioner, we can represent that we have been cooperating to move this case along as expeditiously as possible. According to our local counsel and our research, the moderm trend is for state courts to adopt the discovery conducted in the Fed Ct prior to removal.  We have found no definite Nevada procedure on this issue, but if you are aware of one, please let us know.

As you may recall, the plaintiff filed this case in the state court, but Allegiant moved it to the Federal Court, despite the fact that we urged you that there were no grounds to do so.  Then when both parties failed to meet and confer, the court set out the scheduling order that required both parties to submit expert reports by May 5 and mandated that discovery was to be complete by June 6.  That order was outstanding for over three months, and I am sure those dates were entered in your firm's calendar.  It was not until a week after the deadline of May 5, over three and a half months after the order was entered, that Allegiant decided to tell the court that the order had "a mistake."  It clearly was not a mistake as discovery was to be concluded by June 6.

Without arguing the point, the plaintiff conceded and, subjecting us to a possible criticism of the court, allowed you to submit expert reports by June 20,  In my last email, I encouraged you to tell us what discovery you still needed to do and to agree to a reasonable discovery schedule in the state court, suggesting an additional sixty days.  Allegiant failed to address that issue.  Please let me know when you have time in the next week to work this out.

I am sorry if you found my last email to be discourteous and uncooperative.  As you can understand, Jason Kinzer's profession as an airline pilot has been destroyed.  Because of what Allegiant did to him, it is highly unlikely that he can get any kind of a job in the airline industry.  He is struggling to develop a different profession, and I hope you can understand how difficult that is at his age.  I was merely pointing out that while we will be reporting to the discovery commissioner, we can still move this case along for the interest of the parties and the court as well.   We conducted an extensive amount of discovery in the Fed Ct.  I see no reason for an extended delay.

Please give me you discovery needs and suggestions.  Thank you   Mike.

---

**From:** Hall, Veronica Arechederra (Las Vegas) [mailto:Veronica.Hall@jacksonlewis.com]
**Sent:** Tuesday, June 07, 2016 5:58 PM
**To:** Mike Pangia
**Cc:** smcdonald@theurbanlawfirm.com; Sliker, Joshua A. (Las Vegas); Dullea, Erik M. (Denver)
**Subject:** RE: Kinzer v. Allegiant - Depo Schedule

Mike,

Please consult with your local counsel regarding the state court process for remand.

I reiterate there is no operative discovery order in place and that Allegiant will comply with the state court rules, including discussing discovery at the Early Case Conference.  I am also disappointed you continue to maintain that expert and rebuttal expert disclosures were due on the same day in the federal court proceeding.  You are merely trying to take advantage of a mistake by the court and it is yet another example of your lack of courtesy and cooperation.

**Veronica Arechederra Hall**
**Principal**
**Jackson Lewis P.C.**
**3800 Howard Hughes Parkway**
**Suite 600**
**Las Vegas, Nevada 89169**

**702-921-2460 | Main**
**702-921-2461 | Fax**

Veronica.Hall@jacksonlewis.com
www.jacksonlewis.com

---

**From:** Mike Pangia [mailto:mpangia@pangialaw.com]
**Sent:** Friday, June 03, 2016 1:37 PM
**To:** Hall, Veronica Arechederra (Las Vegas) <Veronica.Hall@jacksonlewis.com>; Dullea, Erik M. (Denver) <Erik.Dullea@jacksonlewis.com>
**Cc:** Douglas Desjardins <dpd@pangialaw.com>; Joseph Anderson <janderson@pangialaw.com>; smcdonald@theurbanlawfirm.com; Sliker, Joshua A. (Las Vegas) <Joshua.Sliker@Jacksonlewis.com>
**Subject:** RE: Kinzer v. Allegiant - Depo Schedule

Veronica
   Please let us know whatever records or documents we have not yet provided you under the current fed. ct. discovery requests  We are anxious to get you anything that may be outstanding.  The only thing we are aware of is the complete Baden recording, which we are working on.
   Once the case has been officially remanded we believe it may be wise to enter into a stipulation ratifying the discovery conducted in the federal case for use in the state action.  The parties' rights under the discovery would be preserved, including the right to file a motion to compel.  Please let us know if you would like us to draft such a stipulation. We believe that it would be prudent to do so in view of the extensive work already done by both parties in this case, keeping the objective of judicial economy in mind.
   We should also consider the new discovery schedule in the state court case.  We would suggest that the parties only need an additional sixty days, at the most, to complete the outstanding discovery.  As plaintiff previously conceded, Allegiant would have until June 20 to present expert disclosures, despite the fact that the Fed Ct. set final date of May 5 for such disclosures.   Failure to provide those disclosures by June 20 will void our agreement.
    We are anxious to lock in the dates for your depositions of our experts and any other depositions you plan to take.  Several weeks ago you represented that you were going to review the file with Mr. Dullea and present us with those names. None have been provided to date.  We repeat our request that you provide dates from now until Aug 15 to complete this discovery.
    Time is of the essence, and we await to hear from you.
Thank you   Mike

**From:** Hall, Veronica Arechederra (Las Vegas) [mailto:Veronica.Hall@jacksonlewis.com]
**Sent:** Thursday, June 02, 2016 2:15 PM
**To:** Mike Pangia; Dullea, Erik M. (Denver)
**Cc:** Douglas Desjardins; Joseph Anderson; smcdonald@theurbanlawfirm.com; Sliker, Joshua A. (Las Vegas)
**Subject:** RE: Kinzer v. Allegiant - Depo Schedule

Mike,

Erik is out of the office today, and we will respond more specifically when he and I have a chance to discuss the issues you raise.

With regards to moving forward with discovery, we will comply with what is required with the state court rules. At this time, we will not be confirming any further depositions and there is no operative discovery order.

**Veronica Arechederra Hall**
**Principal**
**Jackson Lewis P.C.**
**3800 Howard Hughes Parkway**
**Suite 600**
**Las Vegas, Nevada 89169**

**702-921-2460 | Main**
**702-921-2461 | Fax**

Veronica.Hall@jacksonlewis.com
www.jacksonlewis.com

---

**From:** Mike Pangia [mailto:mpangia@pangialaw.com]
**Sent:** Thursday, June 02, 2016 10:44 AM
**To:** Dullea, Erik M. (Denver) <Erik.Dullea@jacksonlewis.com>; Hall, Veronica Arechederra (Las Vegas) <Veronica.Hall@jacksonlewis.com>
**Cc:** Douglas Desjardins <dpd@pangialaw.com>; Joseph Anderson <janderson@pangialaw.com>; smcdonald@theurbanlawfirm.com
**Subject:** RE: Kinzer v. Allegiant - Depo Schedule

Hello Erik
   I understand the scheduling problems within your firm, and we have been willing to accommodate those problems as best we can. We faithfully complied with the court's schedule. We pleaded with you to give us the names of the persons you feel you need to depose, and we would make ourselves available, even on the weekends if necessary. It is difficult to conceive what Allegiant needs to discover that it did not know when it fired Capt. Kinzer last summer. Again mentioning two weeks ago at the recent depositions that counsel for Allegiant were going to figure out the names of witnesses you wish to depose, we still to date have no clue about your

discovery plans.

Certainly, if the 14 and 15th of June are no longer available to you, we will do our best to arrange other dates in June, so we look forward to your answer today as you expressed you would in your yesterday's message to us.

Concerning the answers to our discovery concerning Allegiant Travel, if it is the case that all available information has been provided we will accept your word on that.   However, Allegiant's answers would need to be modified to include Allegiant Travel instead of the various objections that Allegiant Travel waived on the record.  That should be done without delay.

Again we urge you to respond to our May 3 letter concerning the multitude of objections to our discovery. Most, if not all of those objections are canned and obviously inappropriate. We have addressed this problem several times now.  I hope you agree that we do not have to bother the court with these issues.

We understand that Allegiant wishes to defer depositions of the plaintiff's experts until after June 20. The date plaintiff agreed to extend your disclosure deadline.  We will not oppose your wish in this regard; however, give us dates so we can begin to arrange their schedules. I see reason why Allegiant has done that despite repeated requests from us.

As you are probably aware, the court granted the plaintiff's motion to remand.  We do not believe that the remand should be used as a justification for further delay of this case.

Jason is still without an aviation job, and while he is getting some work in his photography, he is anxious to get this case to trial as soon as possible.  I hope you can understand that.  Thanks   Mike

---

**From:** Dullea, Erik M. (Denver) [mailto:Erik.Dullea@jacksonlewis.com]
**Sent:** Wednesday, June 01, 2016 9:15 PM
**To:** Mike Pangia; Hall, Veronica Arechederra (Las Vegas)
**Cc:** Douglas Desjardins; Joseph Anderson; smcdonald@theurbanlawfirm.com
**Subject:** RE: Kinzer v. Allegiant - Depo Schedule

Mike,

Like you, I am focusing on the alligators closest to the boat first.

Unfortunately, June 14 and 15 are still up in the air.  The Department of Labor (DOL) attorney with whom I already exchanged settlement documents now informs me that the claimant has suffered a medical condition and will not be able to sign the settlement documents this week. The attorney also decided to unilaterally e-mail the ALJ and ask for an extra week to get the claimant's signature.  As a result, I am waiting for the ALJ to say whether he is going to vacate the notice of hearing for June 14-15 or proceed with the trial, despite the claimant's condition.  Hopefully I get an answer on that tomorrow.

Assuming I can be on the east coast on June 14-15, rather than being in trial, I am amenable to going to BWI or PHL for the depositions if that simplifies the logistics.  I think your proposal also reduces the risk of Murphy's Law preventing some/all of us from getting from TPA up to PHL in a single evening.

I just heard back from Mr. Harfst regarding his ability to travel from Pennsylvania to Baltimore on June 14. At the moment, he thinks that is possible.  You recall that Mr. Harfst is no longer employed by Allegiant, therefore we have no control over his schedule or his availability.  Also, because I live west of the

Mississippi, I have no insight into the timetable associated with a train from Philly to Baltimore.  I presume that you would be reimbursing him for the cost of his ticket and incidentals?  A round trip train ticket is approximately  $190 if parking for the day is included.  The travel time appears to be about an hour each way.

As far as expert depositions on the 15th, that will not be feasible from a scheduling perspective, and we are not in favor of conducting expert depositions until our rebuttal experts have finished their analysis.  I am traveling outside of CONUS on military duty throughout next week, and will return to Colorado two days before I would fly to BWI for the Harfst, Marino and Strong depositions.  Any of my spare time outside of those depositions is allocated to trial preparation for my second DOL hearing in Elko Nevada on June 20-23.  I have a second military commitment in Florida from June 24-26.  However, if you are aware of any timing or travel constraints that your experts face during the week of June 27, I can factor those constraints into my planning sequence of what can be accomplished. For example, I recall you mentioning one of the experts is in Boston, but that does not limit his ability to travel, correct?

We are speaking to our client about your question regarding the interrogatory responses. As far as privileged documents are concerned, the only items withheld were communications between our office and our client following the receipt of your demand letter.

I will be out of pocket for most of the day tomorrow but will be catching up on e-mails beginning at 4pm MT.


Erik M. Dullea
Attorney at Law
Jackson Lewis P.C.

303.225.2387 | Direct
303.892.5575 | Fax

---

**From:** Mike Pangia [mailto:mpangia@pangialaw.com]
**Sent:** Wednesday, June 01, 2016 9:02 AM
**To:** Dullea, Erik M. (Denver) <Erik.Dullea@jacksonlewis.com>; Hall, Veronica Arechederra (Las Vegas) <Veronica.Hall@jacksonlewis.com>
**Cc:** Douglas Desjardins <dpd@pangialaw.com>; Joseph Anderson <janderson@pangialaw.com>; smcdonald@theurbanlawfirm.com
**Subject:** Kinzer v. Allegiant - Depo Schedule

Erik,

Thanks for your email of yesterday evening.  Rather than continue a long email chain—I have started a new one, addressing what I believe are the important issues of getting the outstanding discovery completed for both sides.

Assuming you can free up the 14th and 15th, we would propose to depose our three remaining witnesses on the 14th in the Baltimore area. Mrs. Strong is just outside of Baltimore—and we could depose her within a 45 minute drive of the city. I think we can arrange for Mr. Marino to travel to BWI and conduct his deposition at a hotel near the airport. If Mr. Harfst would be willing to take the train from Philly down to BWI—about a 45 minute trip—we could also depose him at the same hotel either before or after Marino. All of the Plaintiff's depositions could be completed on the 14th, freeing up the 15th for you to conduct depositions of our experts.

We would like you to let us know what order you would like to take our experts, so we can start coordinating with them. While the attorneys on our side have a fair amount of flexibility, including the willingness to work nights and weekends, sometimes experts our more rigid. I want to assure you that we will do everything possible to see that you can complete the expert depositions, but the sooner we know who you want to take and when, the easier all of our lives will be. If you could let me know today something, I will get to work on it.

Concerning the Allegiant Travel Co. discovery—based on your representation in you last email, it may make sense to for Allegiant Travel to adopt Allegiant Air, LLC's interrogatory responses, and sign a separate verification. Our obvious concern is that we have verified answers on behalf of Allegiant Travel Co., just let us know how you think this goal can be best accomplished.

Finally in reviewing the discovery I do not believe we have received any privilege logs. In the Allegiant Air, LLC discovery responses it is unclear if any documents were actually being withheld—or if a privilege defense was simply being asserted. If either of your clients are actually withholding documents, please let us know immediately and please provide us with privilege logs.

I greatly appreciate your prompt response to my last email—and I remain anxious to schedule the rest of the discovery your clients require. Please get me those dates as soon as you can so we can get this done.

Mike

Representing management exclusively in workplace law and related litigation

Confidentiality Note: This e-mail, and any attachment to it, contains privileged and confidential information intended only for the use of the individual(s) or entity named on the e-mail. If the reader of this e-mail is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that reading it is strictly prohibited. If you have received this e-mail in error, please immediately return it to the sender and delete it from your system. Thank you.