VERONICA ARECHEDERRA HALL, ESQ.
Nevada Bar No. 5855
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
3800 Howard Hughes Parkway, Ste 600
Las Vegas, Nevada 89169
E-Mail: veronica.hall@jacksonlewis.com
E-Mail: joshua.sliker@jacksonlewis.com
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JASON KINZER, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO. a Nevada corporation,<br><br>    Defendants. | Case No.: 2:15-cv-2306-JAD-PAL<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. § 1447(c)** |

Defendants, ALLEGIANT AIR, LLC ("Allegiant") and ALLEGIANT TRAVEL CO. ("Allegiant Travel"), by and through their counsel Jackson Lewis P.C., hereby submit the instant Opposition to Plaintiff's Motion for Attorney's Fees and Costs Under 28 U.S.C. § 1447(c). This Opposition is based on the following Memorandum of Points and Authorities, all pleadings and documents on file with the Court, and any argument that the Court deems proper.

DATED this 30th day of June, 2016.

JACKSON LEWIS P.C.

 /s/ Joshua A. Sliker
VERONICA ARECHEDERRA HALL, ESQ.
Nevada Bar No. 5855
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
*Attorneys for Defendants*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff moves this Court for an award of fees in the amount of $11,602.50 and costs of $500 on the basis that Defendants removal to this Court was not "objectively reasonable." However, Plaintiff is not entitled to such an award because Defendants were reasonable in concluding that resolution of Plaintiff's claims will turn on an analysis of the applicable federal laws and regulations governing aviation safety given the allegations in Plaintiff's Complaint. Further, because the Ninth Circuit has held that federal law preempts those state laws that "encroach upon, supplement, or alter the federally occupied field of aviation safety and present an obstacle to the accomplishment of Congress's legislative goal to create a single, uniform system of regulating that field," Defendants were not unreasonable in asserting this Court had jurisdiction. Indeed, if Plaintiff or Defendants are held liable in state court for state tort law claims predicated upon breaches or non-compliance with federal aviation regulations, such a result may "encroach upon, supplement, or alter the federally occupied field of aviation safety and present an obstacle." Accordingly, Defendants respectfully request that this Court deny Plaintiff's Motion.

## II. STATEMENT OF FACTS

On November 10, 2015, Plaintiff filed his Complaint in the Eighth Judicial District Court, Clark County, Nevada, against his former employer, Allegiant Air, LLC and its parent company, Allegiant Travel Co. ECF No. 1 at 9. The Complaint alleged claims for (1) wrongful and tortious termination of employment; (2) defamation; and (3) Intentional Infliction of Emotional Distress. ECF No. 1 at 15-17. On December 7, 2015, Defendants removed this action to the U.S. District Court, District of Nevada on the basis of federal question, and supplemental jurisdiction. ECF No. 1 at 2. In addition, on December 22, 2015, Defendants noted in their Statement Concerning Removal that diversity jurisdiction was not the basis for removal.

As to federal question jurisdiction, Defendant contended that Plaintiff's Complaint raised substantial questions of federal law and relied upon federal regulations in formulating his causes of action. ECF No. 1 at 2. Specifically, that Plaintiff was basing his claims on alleged violations of the Federal Aviation Act (49 U.S.C. § 447), its implementing regulations (Title 14 of the Code of Federal

Regulations), the FAA as amended in the Airline Deregulation Act (49 U.S.C. § 41713), and the Wendell H. Ford Aviation Investment Act of the 21st Century (49 U.S.C. § 42121(a). Id. Additionally, Defendants pointed out that Plaintiff alleged breaches of duties of care set by federal law and regulations. See Email dated 12/11/2015, **Exhibit A**.

On December 11, 2015, Plaintiff filed a Motion to Remand this case back to state court arguing that diversity[1] and federal question jurisdiction were not present. ECF No. 6. In response, Defendants argued that this Court had jurisdiction by virtue of three corollaries to the well-plead complaint rule: the doctrines of complete preemption, substantial federal question, and artful pleading. ECF No. 16 at 5-22. Ultimately, the Court found that none of these doctrines applicable to the extent that Plaintiff's Complaint raised a substantial federal question, and remanded the case back to Nevada State Court. ECF No. 44. However, the Court made no finding that removal was unreasonable.

### III.   LEGAL ARGUMENT

**A. Plaintiff Attempts to Place Issues Before the Court that Do Not Bear Upon Plaintiff's Instant Motion.**

In making his Motion for Attorneys' Fees and Costs, Plaintiff attempts to place certain issues before this Court which: (1) are procedurally improper; (2) the Court no longer has jurisdiction to consider; (3) are not germane to the Plaintiff's instant Motion; and (4) are a veiled attempt by Plaintiff to taint Defendants and inflame the Court. Specifically, Plaintiff states "Despite being on notice of the improvident removal, the Defendants continued to litigate this case for over six months, wasting time, effort, and judicial resources. Defendants have yet to accept Plaintiff's offer to stipulate that discovery conducted in this matter can be used in the state court action." ECF No. 45 at 3. Plaintiff's averment in this regard is false. Defendants have not "refused" to do anything. See ECF No. 45-4 at 4. Rather, Plaintiff is attempting to engage in discovery when there is no longer any operative discovery order in place. Id. Any issue Plaintiff has with discovery or the lack thereof must be addressed in the state court case as this Court has already determined it does not have jurisdiction

---

[1] As the Court noted, Defendants' Opposition to the Motion to Remand (ECF No. 16) did not contend that diversity jurisdiction supported removal. ECF No. 44 at 2.

over the case. Discovery issues have no bearing on the question of whether Plaintiff should be awarded his fees and costs pursuant to 28 U.S.C. 1447(c).

Plaintiff also claims that the "unnecessary delay" caused by the "improvident removal" have been "especially harsh on plaintiff." In addition to having no relation to Plaintiff's instant Motion (as Plaintiff's purported burden is not part of the analysis to award fees and costs under 1447(c)), Plaintiff's statement is a gross misstatement of the facts. Plaintiff has reiterated on multiple occasions that there is an urgent need to "move this case forward." To be clear, there has been no delay as a result of the Federal proceeding. See Email from Mr. Pangia dated June 2nd, ECF No. 45-4 at 4-5. Plaintiff's Complaint was filed on November 10, 2015, and the Court entered a discovery order on a 180 day schedule. During that short period of time, Defendants have participated in a substantial amount of discovery.

**B. Plaintiff is not Entitled to Fees and Costs because Defendants' Removal of this Case was "Objectively Reasonable."**

Twenty-eight U.S.C. § 1447(c) provides, "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. 1447(c). In Martin v. Franklin Capital Corp., the U.S Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal." 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Thus, when an objectively reasonable basis exists, fees should be denied." Id. at 140. The Martin court did not define "objectively reasonable."

The unanimous Martin Court rejected the notion of an automatic fee award or even the existence of a strong presumption in favor of awarding fees, finding instead "that an award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." Id. at 139. The determination of whether "unusual circumstances" warrant a departure from the norm is left to the discretion of the district court. However, when a district court exercises its discretion in this regard, its reasons for doing so should be "faithful to the purposes" of awarding fees under § 1447(c), "recognizing the desire to deter removals for the purposes of

prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. At 140.

In Lussier v. Dollar Tree Stores, Inc., 518 F.3d 1062, 166-67 (9th Cir. 2008), the Ninth Circuit adopted the Seventh Circuit's test in Lott v. Pfizer, Inc., 492 F.3d 789, 793 (7th Cir. 2007), that removal is "objectively reasonable" where the basis for removal was not "clearly foreclosed" by the relevant case law. See also Patel v. Del Taco, Inc., 446 F.3d 996, 999-1000 (9th Cir. 2006) (affirming award of attorney's fees where no objectively reasonable basis for removal); Gardner v. VICI, 508 F.3d 559, 561-62 (9th Cir. 2007) (reversing award of attorney's fees as abuse of discretion). Thus, the "objectively reasonable" standard looks "to the clarity of the law at the time of removal." Lussier, 518 F.3d at 1066 (citing Martin, 546 U.S. at 141).

Here, Defendants had a reasonable basis for removal. This case arises, in part, because Defendant Allegiant Air's determined that Plaintiff acted in an unsafe manner. Because aviation safety is governed solely by federal law (to the extent that it preempts state laws), Defendants believe that resolution of Plaintiff's claims will necessarily involve an analysis of the applicable federal laws and regulations concerning aviation safety. The Court acknowledged that there may be some interplay between the federal regulations and certain aspects of Plaintiff's claims. ECF No. 44 at 7. However, the Court found that those issues was not substantial enough to invoke federal question jurisdiction because none of the regulations are, in the Court's conclusion, necessary for resolution of Plaintiff's claims. Nonetheless, it was not unreasonable for Defendants to remove this case and argue that the entanglement of Federal Aviation Regulations presented a substantial federal question given the lack of clear law to the contrary. To be sure, the mere fact that the Court ultimately disagreed with Defendants' position regarding jurisdiction is not dispositive of the reasonableness of removal especially considering that there is a strong presumption against removal and any doubts as to jurisdiction require remand. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (discussing the presumption against removal).

In addition, Defendants were reasonable in removing on the basis of preemption as there is no law expressly holding that the FAA, Whistleblower Protection Program ("WPP"), or Airline

JACKSON LEWIS P.C.
LAS VEGAS

Deregulation Act (ADA) do not act to preempt state laws concerning employment in the aviation industry. Instead, the Ninth Circuit held in Ventress v. Japan Airlines, 747 F.3d 716 (9th Cir. 2014), that "we hold that federal law preempts state law claims that encroach upon, supplement, or alter the federally occupied field of aviation safety and present an obstacle." Id. at 722.[2] Thus, the fact that federal aviation safety regulations are relied upon by Plaintiff in making his claims and, as stated above, that Defendants believe in good faith that resolution of his claims will necessarily involve analysis of the applicable federal regulations, Defendants removal to this Court was objectively reasonable.

Finally, there is no evidence that Defendants sought to prolong the litigation or impose additional costs on Plaintiff. Indeed, Plaintiff has not offered any evidence suggesting that such motivations are in play here. Therefore, in accordance with the foregoing, Defendants respectfully request that Plaintiff's Motion for Fees and Costs be denied as Defendants had an objectively reasonable basis to remove this case to federal court.

### C. Alternatively, if the Court Decides to Award Attorneys' Fees, Defendants' Oppose the Amounts Requested in Plaintiff's Motion.

If the Court determines that Defendants had no objectively reasonable basis upon which to remove this case to federal court and is inclined to award attorneys' fees and cost, Defendants oppose Plaintiff's request as discussed herein.

As an initial matter, Plaintiff has submitted *declarations* in support of his Motion instead of the *affidavits* called for in L.R. 54-1(b). It appears the Local Rules specifically meant to require an affidavit given the allowance of a declaration in other contexts. See L.R. I.A. 1-3(f)(2), 6-1(d); L.R. 7-3(c), 7-4(a), 26-7(c), and 54-1(c). Additionally, the declarations of Plaintiff's Counsel Michael A. Urban, Esq., and Michael J. Pangia, Esq., both contain a fairly lengthy application of alleged facts to the factors enumerated in Kerr and L.R. 54-14(b). ECF No. 45-1 at ¶ 3(a)-(l) and ECF 45-2 at ¶ 3-6(f). There is no analysis of the Kerr factors or L.R. 54-14(b) factors in Plaintiff's Motion in

---

[2] Defendants also note that the case of Sikkelee v. Precision Automotive Corp. et al., is currently on appeal to the Third Circuit Court of Appeals. The *en banc* court is considering whether the Federal Aviation Act preempts state-law regarding products liability claims. Case No. 14-4193.

violation of L.R. 54-14(d).[3] Indeed, Plaintiff states that the "Kerr facts are addressed in the declarations of counsel accompanying this motion." ECF No. 45 at 5. Defendants contend that it is improper to include legal argument and/or analysis in an affidavit or declaration. Therefore, based on Plaintiff's failure to submit complaint affidavits from his attorneys, failure to include an analysis of the Kerr and L.R. 54-14(b) factors in his Motion, and the inclusion of substantial legal argument in his attorneys' declarations, Defendant request that the Court disregard the declarations in their entirety and deny Plaintiff's Motion for Attorneys' Fees and Costs. Alternatively, if the Court is not inclined to disregard the entirety of the declarations, Defendant requests that the Court disregard those portions containing legal argument as follows: ECF No. 45-1 at ¶ 3(a)-(l) and ECF 45-2 at ¶ 3-6(f).

### 1. The Lodestar Standard.

Plaintiff moves this Court for an award of fees in the amount of $11,602.50.[4] The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of costs and fees. Gates v. Deukmejian, 987 F.2d 1392, 1398 (9th Cir. 1992). To determine the amount of a reasonable attorney fee, district courts typically proceed in two steps. Gonzalez v. City of Maywood, 729 F.3d 1196, 1202 (9th Cir. 2013). In the first step, courts generally apply "the 'lodestar' method to determine what constitutes a reasonable attorney's fee." Id. (citing Costa v. Comm'r of Soc. Security Admin., 690 F.3d 1132, 1135 (9th Cir. 2012)). Using the loadstar method, the court multiplies the number of hours reasonably expended by a reasonable hourly rate. Ryan v. Editions Ltd. W., Inc., 786 F.3d 754, 763 (9th Cir. 2015) (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)), cert.

---

[3] L.R. 54-14(d) provides that "failure to provide the information required by subsections (b) and (c) in a motion for attorney's fees may be deemed a consent to the denial of the motion."

[4] Defendants note that Plaintiff states he is requesting the sum of $12,602.50 which includes fees and costs. ECF No. 45 at 6. However, an examination of Mr. Urban's declaration indicates the sum of $3,970 in attorneys' fees is being request for The Urban Firm. ECF No. 45-1 at 6. An examination of Mr. Pangia's declaration reveals that attorneys' fees in the amount of $7,632.50 are being requested for The Pangia Group. ECF 45-2 at 6. Adding $3,970 and $7,632.50 equals a total attorney fee request of $11,602.50. When the $500 requested for costs is added in, the total sum is $12,102.50. The discrepancy seems to be tied to Mr. Urban's declaration wherein he states that $350 / hour is a reasonable hourly rate for his services. ECF No. 45-1 at ¶ 3(i). Then, he list in Paragraph 4, his hourly rate as $300 / hour. Id. at ¶ 4.

7

denied, 136 S.Ct. 267 (2015). The product of this computation is sometimes referred to as the "lodestar figure". Gonzalez, 729 F.3d at 1202 (citing Ballen v. City of Redmond, 466 F.3d 736, 746 (9th Cir. 2006)); see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987).

In the second step, the district court may adjust the lodestar upward or downward based on a variety of factors. Gonzalez, 729 F.3d at 1202 (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008)). As discussed in Kerr v. Screen Guild Extras, Inc., the Ninth Circuit has recognized the following 12 factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. 526 F.2d 67, 69-70 (9th Cir. 1975); see also Hensley v. Eckerhart, 461 U.S. 424, 434 (1983); Morales v. City of San Rafael, 96 F.3d 359, 364 n.8 (9th Cir. 1996); D. Nev. L.R. 54-16. However, numerous courts have recognized that the bulk of the Kerr factors have been subsumed into the initial loadstar calculation and the district court does not need to consider those factors. See, e.g., Blum v. Stenson, 465 U.S. 886, 898-900 (1984); City of Burlington v. Dague, 505 U.S. 557, 561-64 (1992) (casting doubt on the applicability of the sixth and tenth Kerr factors); Morales, 96 F.3d at 364 n.9 (finding that factors one through five have been subsumed); Cunningham v. Cty. of Los Angeles, 879 F.2d 481, 487-88 (9th Cir. 1988) (noting that the "results obtained" portion of the eighth factor is subsumed, along with inadequate documentation and quality of representation).

### 2. *Appropriate Market Rate*

In determining the lodestar figure, the Court's first task is to evaluate whether the attorneys' hourly rate is reasonable for the District of Nevada. Courts consider the experience, skill, and reputation of the attorney requesting fees when determining the reasonableness of an hourly rate. Webb v. Ada County, 285 F.3d 829, 840 & n.6 (9th Cir. 2002). A reasonable hourly rate should

reflect the prevailing market rates of attorneys practicing in the relevant community. Id.; see also Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 980 (9th Cir. 2008). The relevant "community" is the district in which the court sits. Camacho, 523 F.3d at 978-79. In calculating a reasonable fee award, a district court has discretion to reduce an attorney's rate to ensure that it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Chaudhry v. City of L.A., 751 F.3d 1096, 1110 (9th Cir. 2014) (internal quotation omitted).

The moving party has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Camacho, 523 F.3d at 978. Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. Id. at 980 (citing United Steel Workers of Am. v. Phelps Dodge Corp., 896 F.2d 403, 407 (9th Cir. 1990)); see also United States v. $28,000.00 in U.S. Currency, 802 F.3d 1100, 1105 (9th Cir. 2015) (requiring proof of market rates in the relevant community, which are "often in the form of affidavits from practitioners")). Once a movant discharges its initial burden of production, the court will make a factual determination as to whether the requested fee is reasonable. See $28,000.00 in U.S. Currency, 802 F.3d at 1105.

Here, the Motion provides a declaration from Plaintiff's local counsel, Michael A. Urban, Esq., as evidence that the rates charged by The Urban Law Firm are reasonable. See Decl. of Michael A. Urban, Esq. ECF No. 45-1 at ¶ 3(f) (stating that "I believe a reasonable hourly rate for my time is $350"). Mr. Urban's declaration also avers that the hourly rate for his associate, Sean W. McDonald, Esq. is also reasonable. Id. at ¶ 3(i) (stating that "I believe a reasonable hourly rate for Mr. McDonald's time for this matter is $225 per hour"). Plaintiff's Motion also provides a declaration from Plaintiff's lead out-of-state counsel, Michael J. Pangia, Esq., as evidence that the rates charged by The Pangia Group are reasonable. See Decl. of Michael J. Pangia, Esq. ECF No. 45-2 at ¶ 6(e) (stating that "The fee charged for myself in this matter is $400 / hour and $225 / hour for my associate, which I believe is fair and reasonable").

The hourly rates Plaintiff's Counsel charged are as follows:

| Timekeeper | Title | Hourly Rate |
|---|---|---|
| Michael A. Urban | Local Counsel/Partner | $350 |
| Sean W. McDonald | Associate | $225 |
| Krista Taylor-Openbrier | Paralegal | $100 |
| Michael J. Pangia | Partner | $400 |
| Joseph L. Anderson | Partner | $400 |
| Amanda C. Dure | Associate | $225 |

Although this information informs the Court of counsel's customary fees, the declarations and Motion do not address whether the hourly rates are reasonable within the relevant community, the District of Nevada, when compared with the experience of each timekeeper and area of law. Notably, Plaintiff has not submitted any affidavits or declarations from other Nevada attorneys to substantiate that the claimed hourly rates are reasonable. Absent such information, Plaintiff has failed to meet his burden on demonstrating the claimed hourly rates are reasonable. See Perrigo v. Premium Asset Servs., 2015 U.S. Dist. LEXIS 99038, *21 (D. Nev. June 8, 2015) ("the choice of a relevant community and the prevailing rate in that community are crucial to establishing the amount of attorney's fees granted").

### 3. *Reasonable Number of Hours Expended*

In determining the lodestar figure, the Court's second task is to evaluate whether Plaintiff's attorneys expended a reasonable number of hours on this matter. In addition to evidence supporting the hourly rates claimed, the party seeking an award of fees must submit evidence supporting the hours worked. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also $28,000.00 in U.S. Currency, 802 F.3d at 1105 (noting that such evidence must include "detailed documentation of the hours worked"). Where the documentation of hours is inadequate, the district court may reduce the award accordingly. Hensley, 461 U.S. at 433. The district court should also exclude from this initial fee calculation hours that were not reasonably expended. Id. at 433-34 (internal citation omitted). At least one judge in the District of Nevada has explained that "[i]n other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."

Perrigo, 2015 U.S. Dist. LEXIS 99038, at *19 (citing Edwards v. Nat'l Bus. Factors, Inc., 897 F.Supp. 458, 460 (D. Nev. 1995)).

Here, the time records for The Urban Law Firm and The Pangia Group are attached to each attorney's declaration. For The Urban Law Firm, Plaintiff claims the following time:

| Timekeeper | Title | Hours Billed |
| --- | --- | --- |
| Michael A. Urban | Partner | 1.9 hours |
| Sean W. McDonald | Associate | 13.4 hours |
| Krista Taylor-Openbrier | Paralegal | 0.5 hours |
| Michael J. Pangia | Partner | 8.3 hours |
| Joseph L. Anderson | Partner | 1.5 hours |
| Amanda C. Dure | Associate | 16.5 hours |

The 42.8 reported hours includes time for correspondence, telephone calls and conferences between Plaintiff's counsel; drafting, editing, reviewing, and cite-checking Plaintiff's Motion for Remand; drafting, revising and reviewing the *pro hac vice* applications for Plaintiff's counsel; reviewing and analyzing Defendants' Opposition to Plaintiff's Motion for Remand, and the case law cited therein; and drafting and revising Plaintiff's Reply in Support of his Motion to Remand.

Typically, a district court will "defer to the winning lawyer's professional judgment" as to how much time he or she was required to spend on the case." Ryan, 786 F.3d at 763 (quoting Moreno, 534 F.3d at 1112). However, the district court has a "great deal of discretion" to "exclude those hours for which it would be unreasonable to compensate the prevailing party." Gonzalez, 729 F.3d at 1203 (citing Gates, 987 F.2d at 1399). The court may reduce the amount of fees to: (i) reflect a party's limited degree of success, (ii) account for block billing, or (iii) deduct those hours the court deems excessive, among other reasons. Ryan, 786 F.3d at 763 (citation omitted). For example, billing records containing hours that are "excessive, redundant, or otherwise unnecessary" may be excluded. Id.; see also Herrington v. Cty. of Sonoma, 883 F.2d 739, 747 (9th Cir. 1989) (reduction of hours was necessary due to "duplication of effort" by multiple attorneys assigned to a case).

In this case, many of the billing records submitted from Plaintiff's counsel are in a block billing format. For example, on December 7, 2015, Mr. McDonald billed 0.3 hours to "read notice

of removal to federal court. Email to Mike Pangia re same." ECF No. 45-1 at 8. Similarly, Ms. Dure billed 3.5 hours on January 7, 2016 to "review of defendants' 22-page reply and research of cases." ECF No. 45-2 at 6. See Cadena v. Pacesetter Corp., 224 F.3d 1203, 1215 (10th Cir. 2000) (explaining that attorneys "block bill" their time when they record multiple tasks in blocks of time without explaining how hours were allotted to specific tasks). Overall, when block billing occurred the Plaintiff's attorneys did not provide the actual amount of time spent for discrete tasks and recorded only the total amount of time expended on a collection of tasks on a given calendar day. In other words, have no way of knowing how much time Mr. McDonald spent reading the notice versus the time it took him to email Mr. Pangia. Nor do we know how much time it took Ms. Dure to ready Defendants' 22-page Reply (Opposition) versus the time it took to conduct legal research. These are just two examples of block billing contained in the billing records. Although counsel "is not required to record in great detail how each minute of his time was expended, " the Supreme Court has advised that counsel "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 437 & n.12.

Further, there was a significant amount of duplication between Plaintiff's attorneys. See Spreadsheet, **Exhibit B**. All told, Counsel spent 17.9 hours draft, reviewing, editing, researching, and cite-checking Plaintiff's Motion to Remand—a 4 ½ page document (excluding the caption and certificate of service). Additionally, there is a curious anomalies in the billing. On January 7, 2016, Mr. Pangia has billed time for "review of draft of reply to defendants' response to plaintiff's motion for remand." ECF No. 45-2 at 6. However, Ms. Dure did not draft the reply until January 8th. Id. Plaintiff's counsel also billed for various communications and conferences between the various attorneys representing Plaintiff. Finally, there are administrative tasks such as preparing the certificate of interested parties and signing the same. Precision Seed Cleaners v. Country Mutual Ins. Co., 976 F.Supp.2d 1228, 1251 (D.Or. 2013) (tasks which are clerical in nature are not properly billed as attorney fees but are overhead expenses absorbed by counsel.); see e.g., Bakewell v. Astrue, 03:10-cv-01525-JE, 2013 WL 638892, at *3 (D. Or. Jan. 9, 2013) ("costs associated with clerical tasks are typically considered overhead expenses reflected in an attorney's hourly billing rate, and are not properly reimbursable") (citing Missouri v. Jenkins, 491 U.S. 274, 288 n. 10, 109 S. Ct. 2463,

JACKSON LEWIS P.C.
LAS VEGAS

105 L. Ed. 2d 229 (1989) ("purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer] rate, regardless of who performs them"); <u>Frevach Land Co. v. Multnomah Cnty.</u>, No. 03:99-cv01295-HU, 2001 WL 34039133 at *12 (D. Or. Dec. 18, 2001) (inappropriate "to bill a client or to seek fees under a fee-shifting statute, for purely secretarial tasks")). As such, Defendants respectfully request that Plaintiff's requested fees be reduced in accordance with the foregoing.

### D. Objection to Plaintiff's Bill of Costs.

Plaintiff seeks to recover the total sum of $500 which consists of two charges for $250 for the pro hac vice admission of Plaintiff's out-of-state counsel, Michael J. Pangia, Esq. and Joseph L. Anderson, Esq. ECF No. 46-2 at 1. In support thereof, Plaintiff has submitted the electronically signed declaration of one his attorneys, Sean W. McDonald, Esq. ECF No. 46-1 at 1. However, Plaintiff is not entitled to recover pro hac vice fees for the reasons discussed below.

#### 1. Mr. McDonald's Electronically Signed Declaration Should be Stricken.

28 U.S.C. § 1924 requires that "[b]efore any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit . . . ." Similarly, L.R. 54-1(b) requires that "[a] bill of costs and disbursements must be supported by an affidavit and distinctly set forth each item so that its nature can be readily understood." "An affidavit is a voluntary, *ex parte* statement formally reduced to writing and sworn to or affirmed before some officer authorized to take it." <u>Lutz v. Kinney</u>, 23 Nev. 279, 281, 46 P. 257, 258 (1896). The Nevada Supreme Court has stated the following regarding the essential requirements of an affidavit:

> The essential requisites are, apart from the title in some cases, that there shall be an oath administered by an officer authorized by law to administer it, and that what the affiant states under such oath shall be reduced to writing before such officer . . . The certificate, usually called the 'jurat,' is essential, not as a part of the affidavit, but as official evidence that the oath was taken before the proper officer.

<u>Id.</u> "The signature of an affiant can in no case add to or give force to what is sworn, and what is sworn is made to appear authoritatively by the certificate of the officer." <u>Id.</u>

Other jurisdictions define affidavits similarly. For a document to constitute a "valid affidavit" in Michigan, it must be: "(1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person

having authority to administer such oath or affirmation." Holmes v Michigan Capital Medical Ctr, 242 Mich.App 703, 711; 620 NW2d 319, 323 (2000). Furthermore, "affidavit" is a technical term that includes the requirement of an oath or affirmation being "taken before a person having authority to administer such oath or affirmation." Id.

Here, Mr. McDonald has submitted an electronically signed declaration which does not comport with the requirements of 28 U.S.C. § 1924 and L.R. 54-1(b) that an affidavit be attached to the bill of costs. However, Mr. McDonald's declaration does not have the essential certificate evidencing that an oath or affirmation was taken before a person having authority to administer the same. As such, the declaration does not constitute a valid affidavit and should be stricken from Plaintiff's Bill of Costs.

### 2. Pro Hac Vice Fees are not Taxable.

Plaintiff acknowledges in his Bill of Costs that L.R. 54-11(f) indicates that *pro hac vice* fees are "ordinarily not recoverable." ECF No. 46-1 at 2. Nonetheless, Plaintiff contends such costs are taxable under 28 U.S.C. § 1447(c). Id. However, in Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys., Inc., the Ninth Circuit held that that *pro hac vice* fees incurred as the result of removal were not taxable costs. 741 F.3d 955, 957-58 (9th Cir. 2013) (per curiam) (not taxing pro hac vice fees). As such, Plaintiff cannot recover the costs of *pro hac vice* admission in the instant action.

### IV.   CONCLUSION

For each and all of the reasons stated above, Defendant Allegiant Travel respectfully requests the Court grant its Motion to Dismiss Plaintiff's Complaint with Prejudice.

Dated this 30th day of June, 2016.

JACKSON LEWIS P.C.

/s/ Joshua A. Sliker
VERONICA ARECHEDERRA HALL, ESQ.
Nevada Bar No. 5855
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Jackson Lewis P.C. and that on this 30<u>th</u> day of June, 2016, I caused to be served via ECF filing system a true copy of **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. § 1447(c)**:

Michael A. Urban
Sean W. McDonald
The Urban Law Firm
4270 South Decatur Boulevard, Suite A-9
Las Vegas, Nevada 89103

Michael Pangia
Joseph Anderson
Pangia Law Group
1717 N Street NW
Washington, DC 20036

*Attorneys for Plaintiff*

/s/ Janine Martin
Employee of Jackson Lewis, P.C.

4819-7337-2212, v. 3