**THE PANGIA LAW GROUP**
Michael J. Pangia (*pro hac vice*)
Joseph L. Anderson (*pro hac vice*)
1717 N St NW, Suite 300
Washington, D.C. 20036
T: (202) 955-6153
F: (202) 393-1725
mpangia@pangialaw.com
janderson@pangialaw.com

**THE URBAN LAW FIRM**
Michael A. Urban, Nevada Bar No. 3875
Sean W. McDonald, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087
F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com
*Counsel for Plaintiff, Jason Kinzer*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JASON KINZER, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>ALLEGIANT AIR, LLC, a Nevada limited liability company; and ALLEGIANT TRAVEL CO., a Nevada corporation,<br><br>Defendants. | Case No. 2:15-cv-02306-JAD-PAL<br><br>**REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. § 1447(c)** |

Plaintiff, by and through counsel, hereby replies to Defendants' Opposition to Plaintiff's Motion for Attorney's Fees and Costs under 28 U.S.C. § 1447(c) and Defendants' Objections to Plaintiff's Bill of Costs (ECF Nos. 47, 48). This reply is based upon the memorandum of points and authorities below, the papers and pleadings on file, and any argument the Court may hear.

**I.     Procedural Facts**

Defendants attempt to misconstrue the procedural facts of this case. The Defendants' attempt to argue that they removed this case *solely* on the basis of federal question jurisdiction under 28 U.S.C. §1331. In their opposition to Plaintiff's motion for attorney's fees and costs, the

1

1  Defendants claim that "on December 22, 2015, Defendants noted in their Statement Concerning
2  Removal that diversity jurisdiction was not the basis for removal." ECF No. 47 at 2:23–24. What
3  the Defendants fail to disclose is that their removal petition actually cited diversity jurisdiction as
4  a basis for removal. Specifically, their removal petition declared, "Further, the Court has original
5  jurisdiction over this action pursuant to 28 U.S.C. § 1332. Defendants are citizens of Nevada,
6  Plaintiff is a citizen of Florida, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C.
7  § 1332." ECF No. 1, ¶ 4, at 2:12–14 (footnote omitted). The omitted footnote references a
8  declaration by Laurie Overton, Allegiant Travel Company's General Counsel. The sole purpose
9  of the declaration appears to be to establish that the amount in controversy in this matter is in
10 excess of $75,000.00.ECF No. 1 at 33 (Exhibit 2).
11      The Plaintiff filed his Motion for Remand on December 11, 2015—at that time there was
12 nothing in the record that indicated that the Defendants had abandoned their claim that diversity
13 of citizenship was grounds for removal. Defendants' Statement Concerning Removal was only
14 filed after Plaintiff's motion for remand. ECF No. 13, filed on Dec. 22, 2015. Plaintiff never
15 received the benefit of Defendants' abandonment of their diversity argument and was forced to
16 brief the unnecessary issue.
17      Further compounding Defendants' diversity deception is the fact that they imply that this
18 Court recognized the case was not removed on diversity grounds. In their opposition, Defendants
19 claim that "[a]s the Court noted, Defendants' Opposition to the Motion to Remand (ECF No. 16)
20 did **not** contend that diversity jurisdiction supported removal." Doc. No. 47 at 3:27–29 n. 1
21 (emphasis added, citing ECF No. 44 at 2). Defendants' statement, however, seriously
22 misconstrues this Court's Order of Remand. In the remand Order, the Court recognized that
23 diversity was one of Allegiant's bases for removal saying, "Allegiant filed a notice of removal,
24 invoking this court's **diversity** and federal-question jurisdiction." ECF No. 44 at 2:8–9
25 (emphasis supplied and footnote omitted). This Court went on to note that "Allegiant has since
26 retreated from its diversity argument, and Kinzer is correct that, because Allegiant is a citizen of
27 Nevada, it cannot remove this action from a Nevada state court based on diversity of
28 citizenship." ECF No. 44 at 2:10-12 (footnotes omitted). One of the omitted footnotes from the

1  Order states "Allegiant does not defend its position that removal was proper based on diversity
2  jurisdiction." ECF No. 44 at 2:24–25 n. 7. The procedural record is clear: Allegiant attempted to
3  remove this case based on diversity of citizenship, forcing Plaintiff to file a remand motion based
4  on the objectively unreasonable position taken by the Defendants.
5      In addition to the diversity deception, there are additional facts presented by the
6  Defendants that are simply not true. Defendants claim "that the case of Sikkelee v. Precision
7  Automotive Corp. et al., [sic] is currently on appeal to the Third Circuit Court of Appeals. The
8  *en banc* court is considering whether the Federal Aviation Act preempts state -law regarding
9  products liability claims. Case No. 14-4193." ECF No. 47 at 6:27–28 n. 2. In fact, the *en banc*
10 petition was denied, and the mandate in the case actually issued on June 15, 2016—two weeks
11 before Defendants filed their opposition. *See* Order Denying *en banc* Review and Mandate in
12 *Sikkelee v. Precision Airmotive Corp.*, attached hereto and incorporated by reference as Exhibit
13 1. Attempting to justify removal based on *Sikkelee v. Precision Airmotive Corp.* is especially
14 disingenuous since Defendants did not cite *Sikkelee* in their original petition for removal, nor
15 was it decided in favor of preemption. *Sikkelee v. Precision Airmotive Corp.*, No. 14-4193, ___
16 F.3d ___, 2016 WL 1567236 (3d Cir. Apr. 19, 2016), actually held that the Federal Aviation Act
17 did not field preempt design defect claims. Defendants' attempted reliance on *Sikkelee* shows
18 how patently unreasonable they were in attempting to remove this case.

**II.    Law and Argument**

    **A.    Removal Based on Diversity was Clearly Foreclosed by the Relevant Case Law.**

22 Defendants make no attempt to justify their attempt to remove this case based on
23 diversity jurisdiction—as such an argument would be clearly foreclosed by 28 U.S.C.
24 § 1441(b)(2). Instead Defendants attempt to misrepresent the procedural facts of this case, and
25 attempt to deny that they ever removed this case based on diversity. Defendants' removal
26 petition is clear—diversity was used to remove this action. ECF No. 1, ¶ 4 at 2:12–14. Plaintiff
27 was clearly forced to litigate an unjustified basis for removal. Costs and attorney's fees are
28 warranted in such cases. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).

3

1  **B. Removal Based on Federal Question Jurisdiction was also Clearly Foreclosed by the Relevant Case Law.**

Defendants still repeatedly assert that there basis for removal based on federal question jurisdiction was "reasonable." ECF No. 47 at 5:12–6:8. In arguing that their actions were reasonable, Defendants fail to support their position with any case law holding that the Federal Aviation Act completely preempts state law—or raises a substantial federal question. All Defendants seem to argue is that Plaintiff's complaint makes frequent references to the Federal Aviation Regulations ("FARs") when the law was clear that mere reference to federal law does not create a federal question—the federal question must be substantial. *Grable & Sons Metal Prods. Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005). As the Court has pointed out, "Because none of the federal regulations Allegiant cites is necessary to the resolution of Kinzer's claims, and any federal issues potentially raised are not substantial, Kinzer's claims do not fall within the narrow class of state-law cases that invoke federal-question jurisdiction under *Grable*." ECF No. 44 at 7:16–19. The Defendants fail to justify why they believed that simple references to the FARs were substantial enough to invoke federal question jurisdiction. ECF No. 44 at 5:12–26. Defendants fail to cite any explanation for removing this matter as a substantial federal question because they lacked any justification for invoking federal question jurisdiction.

Without a standalone basis to invoke federal question jurisdiction, the Defendants sought to refashion Plaintiff's complaint as a Whistleblower Protection Program ("WPP") action—in an attempt to circumvent the well-pleaded complaint rule. Defendants continue to justify their recharacterization of Plaintiff's complaint simply asserting that they "believe in good faith that resolution of his claims will necessarily involve analysis of the applicable federal regulations." Defendants had no basis for their belief. Plaintiff's complaint cannot be characterized as a retaliatory discharge complaint. Plaintiff never claimed, nor have the Defendants pointed to any facts (even post-remand), that would in any way support that Plaintiff was a whistleblower. The conclusion is clear: "Kinzer's claim cannot be characterized as a WPP claim, and federal question jurisdiction based on application of the artful-pleading doctrine is also improper." ECF No. 44 at 8:12–13. Equally clear is the fact that the Defendants had no basis for attempting to

4

1 remove this matter as an artful pleading—or as a federal question. Costs and attorney's fees are
2 warranted in such cases. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005).
3       There can be no doubt that the Defendants' unnecessary removal of this action has
4 prolonged this litigation. While extensive discovery was conducted during the pendency of this
5 case, Defendants have yet to consent to allowing that discovery to be used in state court. Plaintiff
6 faces the prospect of having to completely redo discovery that has been already completed.
7       It is respectfully submitted that the procedural motive of Defendants—to protract
8 litigation as long as possible—becomes quite clear. Despite the fact discovery closed by
9 operation of the scheduling order on June 6, 2016, Plaintiff has been repeatedly asking if not
10 imploring Defendants to tell Plaintiff what more they need in discovery so that time will not be
11 wasted in the remand and the state court scheduling process. Defendants repeatedly refused. The
12 Defendants' actions to remove the case, the reluctance to agree to the efficacy of the discovery
13 had thus far, refusal to expedite further discovery, and the standing request to the state court for
14 another half a year for further discovery, should make Defendants' motives quite clear. Had
15 Defendants not removed this case, it is likely that trial would be about to commence in this
16 matter. Instead, Defendants are forcing the Plaintiff to fight to have the discovery recognized in
17 the state court action—and to re-brief motions that have already been filed.

18       **C.**    **Fees and Expenses being Claimed by the Plaintiff are in Fact Reasonable.**

19       The bulk of Defendants' opposition to fees and costs motion is focused on the
20 reasonableness of the fees being requested. ECF No. 47 at 6–14. Defendants complain that the
21 Plaintiff provided declarations instead of affidavits, that the hourly rates claimed by the attorneys
22 lack adequate support, that the Plaintiff used block billing, as well as certain clerical and
23 mathematical errors, and *pro hac vice* expenses are not taxable. The Defendants also grossly
24 overread case law in support of their propositions. None of Defendants' criticisms of the fees and
25 costs mitigate in favor of denying an award in this matter.
26       Defendant correctly articulates the lodestar approach that is the basis for awarding fees in
27 this matter. Defendants' main quibble the Plaintiff's attorney's hourly rate is the lack of
28 substantiation of the prevailing rates in Las Vegas. Notably the Defendants do not complain

5

1  about the actual hourly rates—only the lack of support for the hourly rates Plaintiff's counsel are
2  claiming. Hourly rates of $400 to $225 are reasonable rates for the Las Vegas area. *Perrigo v.*
3  *Premium Asset Servs., LLC*, No. 2:14-CV-1052-GMN-PAL, 2015 WL 4597569, at *10 (D. Nev.
4  July 28, 2015) (noting "Rate determinations in other cases in the District of Nevada have found
5  hourly rates as much as $450 for a partner and $250 for an experienced associate to be the
6  prevailing market rate in this forum."). Plaintiff's claims for hourly fees ranging from $400 to
7  $225 are clearly within the realms of the prevailing norms of this jurisdiction for attorneys with
8  similar experience.
9      Plaintiff maintains that the hours submitted to the Court for the work on the remand
10 motion was reasonable and necessary. All told 18 hours of time was spent to draft the motion.
11 The fact that the motion was not voluminous reflects the editing that went into the final product.
12 Rather than file a 25-page brief, Plaintiff's counsel worked hard to prepare and file 4 ½-page
13 lean motion. Defendants are correct there were several minor errors in the recordation of hours—
14 putting the wrong date on the time. In addition Defendants are also correct that Mike Urban
15 misstated his hourly rate as $300.00 per hour. Doc. No. 47 at 7:27–28 n. 4. The award of fees
16 and costs rests with the discretion of this Court. Plaintiffs claim that the work for the motion,
17 excluded the impermissible *pro hac vice* costs and fees, totals $12,102.50, and Plaintiff
18 respectfully requests this honorable Court to award that sum.
19     **D.    *Pro Hac Vice* Admission Fees Are Recoverable Under 28 U.S.C. 1447(c).**
20     Defendants contend *pro hac vice* admission fees are not taxable or recoverable under 28
21 U.S.C. § 1447(c). Defendants offer *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys. Inc.*, 741 F.3d
22 955, 957–58 (9th Cir. 2013) (per curiam), as prohibiting, in Defendants' words, an award of "*pro*
23 *hac vice* fees incurred as the result of removal." ECF No. 47 at 14:14–16. However, just as with
24 their opposition to remanding this matter to state court, Defendants overread the case law. The
25 *Kalitta* is not a case applying 28 U.S.C. § 1447(c) with respect to *pro hac vice* admission fees.
26 Instead, it is a case deciding whether *pro hac vice* admission fees are properly awarded as a
27 taxable cost to a prevailing party under 28 U.S.C. § 1920. Thus, the case is distinguishable on
28 that point. By contrast, Plaintiff seeks recovery of *pro hac vice* admission fees under 28 U.S.C. §

6

1447(c), which more broadly allows "payment of *just costs and any actual expenses*, including attorney fees, incurred as a result of the removal." (emphasis added). Local Rule 54-11 instructs *pro hac vice* admission fees are normally not taxable. However, if 28 U.S.C. § 1920 always prohibits awarding *pro hac vice* admission fees, as is Defendants' contention, then in what context would they ever be available? Notably, Plaintiff is aware of no case applying the holding in *Kalitta* to a request for costs under 28 U.S.C. § 1447(c). Indeed, district courts in other jurisdictions have permitted recovery of *pro hac vice* admission fees under 28 U.S.C. § 1447(c). *See, e.g.*, *Cardinal Health 200, LLC v. Allscripts, LLC*, No. 2:13-cv-305, 2014 U.S. Dist. LEXIS 31941 (S.D. Ohio Mar. 12, 2014) (approving fees and costs under 28 U.S.C. § 1447(c), including *pro hac vice* admission fee); *Am. Capital Advance, LLC v. Gordon*, No. RWT 10cv 2113, 2010 U.S. Dist. LEXIS 127826, 2010 WL 5055810 (D. Md. Dec. 3, 2010) (considering award of costs for *pro hac vice* admission fees); *Geismann v. Aestheticare, LLC*, No. 07-2575-KH, 2008 U.S. Dist. LEXIS 49516, 2008 WL 2549009 (D. Kan. Jun. 24, 2008) (permitting application of costs to include *pro hac vice* admission fees). Because Defendants' removal to federal court was not objectively reasonable, Plaintiff may properly seek recovery of *pro hac vice* admission fees under 28 U.S.C. § 1447(c) as "just costs" or "actual expenses . . . incurred as a result of the removal."

Lastly, Defendants object to the requested costs because they are not supported by an affidavit under 28 U.S.C. § 1924. However, Defendants overlook the fact that by law any matter supported by affidavit may be made instead by an unsworn declaration so long as the declaration is made under penalty of perjury. *See* 28 U.S.C. § 1746. Specifically, section 1746 provides:

> Wherever, under any law of the United States or under any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration . . . or *affidavit*, in writing of the person making the same . . . , *such matter may, with like force and effect, be supported*, evidenced, established, or proved *by the unsworn declaration*, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:
>
> . . .

7

> (2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).
> (Signature)".

28 U.S.C. § 1746 (emphasis added). The declaration of counsel McDonald clearly qualifies as a declaration under 28 U.S.C. § 1746 because it was signed under penalty of perjury ("I declare under penalty of perjury of the laws of the United States and the State of Nevada that the foregoing is true and correct. Executed this 15th day of June, 2016, at Las Vegas, Nevada." ECF No. 46-1 at 2), and thus there is no defect with the manner in which Plaintiff supported the bill of costs.

### III. Conclusion

An award of fees and costs is justified in this matter as the Defendants had no objectively reasonable basis to remove this case—either under diversity jurisdiction or federal question jurisdiction. This Court should award $12,102.50 to compensate Plaintiff for unnecessary efforts.

Dated: July 11, 2016

**THE PANGIA LAW GROUP**

By: _____*/s/ Michael J. Pangia*_____
Michael J. Pangia (*pro hac vice*)
Joseph L. Anderson (*pro hac vice*)
1717 N St NW, Suite 300
Washington, D.C. 20036
T: (202) 955-6153; F: (202) 393-1725
mpangia@pangialaw.com
janderson@pangialaw.com

**THE URBAN LAW FIRM**

By: _____*/s/ Sean W. McDonald*_____
Michael A. Urban, Nevada Bar No. 3875
Sean W. McDonald, Nevada Bar No. 12817
4270 S. Decatur Blvd., Suite A-9
Las Vegas, Nevada 89103
T: (702) 968-8087; F: (702) 968-8088
murban@theurbanlawfirm.com
smcdonald@theurbanlawfirm.com

***Counsel for Plaintiff, Jason Kinzer***

76034

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of July, 2016, I electronically filed the foregoing **REPLY TO OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS UNDER 28 U.S.C. § 1447(c)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joshua Alan Sliker    joshua.sliker@jacksonlewis.com, Janine.Martin@jacksonlewis.com

Michael A Urban    murban@theurbanlawfirm.com, adenni@theurbanlawfirm.com, kopenbrier@theurbanlawfirm.com, nring@theurbanlawfirm.com, pcotsonis@theurbanlawfirm.com, RSchleiker@theurbanlawfirm.com, smcdonald@theurbanlawfirm.com, vhernquist@theurbanlawfirm.com

Michael J Pangia    mpangia@pangialaw.com, adure@pangialaw.com, dpd@pangialaw.com, janderson@pangialaw.com, officeadmin@pangialaw.com

Sean W. McDonald    smcdonald@theurbanlawfirm.com, efiling@theurbanlawfirm.com

Veronica Arechederra-Hall    veronica.hall@jacksonlewis.com, janine.martin@jacksonlewis.com, karen.michelini@jacksonlewis.com, LasVegasDocketing@JacksonLewis.com

and I hereby certify that have mailed by United States Postal Service the document to the following non-CM/ECF participants:

[none]

>                                       */s/ Krista Taylor-Openbrier*
>                                       An Employee of The Urban Law Firm

76034