UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jason Kinzer,<br>　　　Plaintiff<br>v.<br>Allegiant Air, LLC, et al.,<br>　　　Defendants | 2:15-cv-02306-JAD-PAL<br><br>**Order Denying Motion for Attorney's Fees**<br><br>[ECF No. 45] |

　　　Former Allegiant Air Captain Jason Kinzer sues Allegiant Air, LLC and Allegiant Travel Co. (collectively, "Allegiant") for wrongful discharge, defamation, and intentional infliction of emotional distress, all stemming from his 2015 employment termination. Allegiant removed the case from Nevada state court, invoking this court's federal-question and diversity jurisdiction. Kinzer successfully moved to remand, and now requests $12,602.50 in attorney's fees and costs under 28 U.S.C. § 1447(c).[1] I decline to award Kinzer attorney's fees for Allegiant's improper removal because I do not find that Allegiant lacked an objectively reasonable basis for removal.[2]

**Discussion**

**A.　Attorney's fees under 28 U.S.C. § 1447(c)**

　　　The American Rule recognizes that each party in litigation must bear its own attorney's fees in the absence of a rule, statute, or contract authorizing an award of fees.[3] Title 28 section 1447(c) of the United States Code is a fee-shifting statute; it provides that a removal order may award "payment of just costs and any actual expenses, including attorney fees" incurred as a result of an improper removal.[4] The United States Supreme Court has held that, "[a]bsent unusual

---

[1] ECF No. 45.

[2] I find this motion suitable for disposition without oral argument. L.R. 78-2.

[3] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

[4] 28 U.S.C. § 1447(c).

circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied."[5]

Though it's a close call, I decline to award Kinzer attorney's fees for Allegiant's ultimately unsuccessful removal of this case. I note that Allegiant's petition for removal invoked this court's diversity and federal-question jurisdiction, so its assertion that it removed this case *solely* on the basis of federal-question jurisdiction is disingenuous.[6] However, Kinzer's remand motion swiftly disposed of Allegiant's fatally flawed diversity argument in a single paragraph, and Allegiant quickly conceded that argument in its response to his remand challenge. The bulk of Allegiant's removal argument was based on federal-question jurisdiction stemming from a trio of exceptions to the well-pleaded complaint rule and numerous references to federal aviation regulations in Kinzer's complaint. Though I ultimately rejected each of Allegiant's arguments, I cannot conclude that Allegiant's arguments for removal jurisdiction were objectively unreasonable. There is no Ninth Circuit case that squarely supports or rejects Allegiant's removal arguments. Accordingly, I decline to award Kinzer attorney's fees and costs for successfully moving for remand.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **plaintiff's motion for attorney's fees [ECF No. 45] is DENIED.**

Dated this 28th day of July, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) (internal citations omitted).

[6] Compare ECF No. 1 (petition for removal asserting both bases for removal) *with* ECF No. 16 (response to motion to remand abandoning diversity argument) and ECF No. 47 (opposition to motion for fees falsely claiming that defendants never invoked diversity jurisdiction).